*W. Grose*, for the appellants.

---

KAUFMAN and Another *v.* SAMPSON and Another.

Where process was served ten days before the first day of the term, it cannot be objected that it was made returnable on the second day; and a default may be taken on that day.

Any defect in process amendable below, will be deemed to be amended in this Court.

APPEAL from the *Grant* Circuit Court.

STUART, J.—Suit on a promissory note by *Sampson* and *Andrews* against *Kaufman* and another, and judgment by default. The writ and sheriff's return are set out in the record. See *The New Albany and Salem Railroad Co.* v. *Welsh*, at the present term (1).

Several errors are assigned, but only two are pressed in argument:

1. That the process is made returnable to the second day of the term.

2. That it does not appear affirmatively by the record that the defendants below were residents of *Grant* county.

The default is taken on the second day of the term, the day on which the summons is made returnable.

The statute is explicit: "Every action shall stand for issues and trial at the first term after it is commenced, when the summons has been served on the defendant ten days, or publication has been made sixty days, before the first day of the term." 2 R. S. p. 107, s. 315.

The summons was served on the 20th of *September*, ten days before the first day of the term, which was on the first day of *October*. The summons commands the defendants to appear on the second day of the term, to be held on the first *Monday* of *October*, 1855, &c.

If there was any defect, the process was amendable below on motion, and will be regarded as amended here.

There is nothing in the second error assigned.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. Brownlee* and *H. Kelly*, for the appellants.

*A. Steele* and *H. D. Thompson*, for the appellees.

(1) *Ante*, 479.