Goldsberry *v.* Carter.

———————

GOLDSBERRY *v.* CARTER.

AFFIDAVIT TO SET ASIDE DEFAULT.—An affidavit filed in support of a motion to set aside a judgment by default must show the nature of the alleged defense. It is not enough to say that the defendant believes that he has a meritorious defense.

SAME.—The pendency of a proposition for a compromise of the claim in suit is not of itself a sufficient excuse for a failure to appear to the action.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.—*Carter* sued *Goldsberry* in the court below on a promissory note. The summons was served on the

defendant on the 10th of December, 1866. The term commenced on the 4th of February, 1867. The defendant was defaulted on the 6th of the latter month, and a judgment was rendered for the amount of the note and interest. The defendant, during the term, and five days after the rendition of the judgment, moved the court to set aside the default, and in support thereof filed his affidavit, in which he swears that he believes he has a meritorious defense to the action; that he was taken by surprise, inasmuch as at the time the default was taken there was, and for some time had been, a proposition for a compromise of the cause of action pending between him and the plaintiff; that from the conversation he had had with the plaintiff, he had reason to suppose that such a compromise would be effected, and that the plaintiff would not proceed with his suit without first giving him notice. The court overruled the motion, and the defendant excepted. This is assigned for error, and presents the only question in the case.

The affidavit is defective in not stating the nature of the defense. *Frost et al.* v. *Dodge et al.*, 15 Ind. 139, and the authorities therein cited. The default can only be set aside to let in a defense to the merits, and the nature of the defense must be shown; it is not enough to state that the defendant believes he has a meritorious defense to the action.

The pendency of the compromise was not alone a sufficient excuse for failing to appear and plead to the action. The conduct or declarations of the plaintiff which put the defendant off his guard ought to have been shown.

The judgment is affirmed, with costs.

*E. A. Davis*, for appellant.

*J. C. Bufflin*, *G. K. Perrin* and *A. P. Stanton*, for appellee.