## PHELPS *v.* OSGOOD.

PRACTICE.—*Judgment taken Through Mistake, &c.*—Where proper cause is shown for relief from a judgment taken against a party through his mistake, inadvertence, surprise, or excusable neglect, under the act of March 4th, 1867, (3 Stat. 373) it is not in the discretion of the court to refuse the relief.

SAME.—*Affidavit.*—A cause at issue was called for trial, and neither the defendant nor his attorneys appearing, the default of the defendant was entered, and the cause was submitted to the court for trial. Finding and judgment for the plaintiff. Four days afterwards, during the same term, the defendant moved

Phelps *v.* Osgood.

to set aside the default and judgment, and for a new trial, and filed in support of the motion the affidavit of one of his attorneys, who statated therein, that he was one of the attorneys of the defendant, naming another attorney as his associate counsel, that private business of his own required the absence of himself and his associate counsel, unexpectedly, in an adjoining county named, on Monday and Tuesday of that week; that the fact that this cause was set in the causes to be reached on one of these days, " owing to the confusion occasioned by the accident at the fair grounds," had escaped his observation; and it became necessary for him to start so early on Monday morning that he had no opportunity to see and engage some member of the bar to look after his cases generally in his absence ; and hence he left himself and his client wholly unrepresented in this case on these two days; that from an examination of the facts in the case, affiant believed that the defendant had a good defense to at least a part of the cause of action, if not to the whole; that it was not by the fault of the defendant that the default was taken, but it was the affiant's fault if any one's, and was the result of circumstances he could not control.

*Held,* that the affidavit was insufficient.

SUPREME COURT.—*Transcript.*—*Certiorari.*—The proper mode of correcting errors and supplying deficiencies in the transcript of a cause in the Supreme Court is by making application to this court and by means of a *certiorari.*

APPEAL from the Marion Common Pleas.

DOWNEY, J.—Osgood sued Kemper, Phelps, and Young on a promissory note. As to Young, the suit was dismissed. Kemper made default. Phelps answered. Demurrers were sustained to the third, fourth, fifth, and seventh paragraphs, and the second and sixth were stricken out on motion of the plaintiff. No question is made as to the correctness of the rulings of the court on the demurrers or on the motion to strike out. The first paragraph of the answer of Phelps was a general denial, and the eighth was a denial of the execution of the note, sworn to by Phelps.

With the issues thus made, the case was called for trial. Neither Phelps nor his counsel appeared. The default of Phelps was entered, and the cause was submitted to the court for trial. There was a finding and judgment for the plaintiff. This occurred on the 4th day of October, 1869.

On the 8th day of October, 1869, during the same term of the court, the defendant Phelps moved the court to set aside the default and judgment, and for a new trial. This

motion was overruled, and an exception was taken; and this is the only question in the case

The motion was based on the affidavit of one of the attorneys of Phelps. He states that he is one of the attorneys of Phelps, naming his associate counsel; that private interest of his own required his absence and that of his associate counsel, unexpectedly, in Johnson county, on Monday and Tuesday of that week; that the fact that this case was set in the causes to be reached on one of those days, owing to the confusion occasioned by the accident at the fair grounds, had escaped his observation, and it became necessary for him to start so early on Monday morning that he had no opportunity to see and engage some member of the bar to look after his cases generally in his absence, and hence he left himself and his client wholly unrepresented in this case on those two days. From an examination of the facts in the case, affiant believes that the defendant Phelps has a good defense to at least a part of the note sued on, if not the whole amount thereof; that it was not the fault of Phelps that the default was taken, but was his fault if any one's, and was the result of circumstances he could not control.

It is insisted by counsel for the appellee, that section 99, 2 G. & H. 118, leaves it in the discretion of the court whether it will relieve a party from a judgment taken against him "through his mistake, inadvertence, surprise, or excusable neglect." But the learned counsel seem to have overlooked the amendment of that section in the act of March 4th, 1867. The section as amended provides, that the court "*shall* relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect." 3 Stat. 373; *Smith* v. *Noe*, 30 Ind. 117. The court, however, must necessarily decide upon the question whether or not the judgment was taken against the party through his mistake, inadvertence, surprise, or excusable neglect. If the court shall find that the judgment was so taken, it has no discretion to refuse the relief. The former decisions of this court on the question as to what is or is not such a mistake or such inad-

Phelps v. Osgood.

vertence, surprise, or excusable neglect, as will entitle the party to relief, are applicable under the section as amended; and the only change in this respect is, that when a case is found to be within the terms of the statute, the duty of the court is imperative, and not merely discretionary. Examining the affidavit, then, in the light of the former decisions of this court, it seems to us that it does not show a case within the statute.

It will be seen that though the deponent states that *he* did not observe that the cause was for trial at that time, he does not state that that fact had escaped the knowledge or observation of his associate or that of their client. What it was that had occurred at the fair grounds, which created the confusion referred to, or in what manner the deponent was connected therewith, we do not judicially know, and are not informed in the affidavit. Little importance can be attached to that part of the affidavit which refers to the deponent's having to start so early that he could not engage a substitute, since the fact that the case was for trial at that time had escaped his observation. An attorney is one who is put in the place or stead of another, to manage the cause for him. He is the agent of his client, and the want of care and the forgetfulness of the attorney must be imputed to the client. *Spaulding* v. *Thompson*, 12 Ind. 477. The private interests of attorneys are not ordinarily sufficient reason for their absence from court in which they have business requiring their attention.

Repeated decisions of this court show that in an application of this kind the applicant must show that he has a good defense, in whole or in part, to the action. We think that the statement of the deponent that from the examination of the facts he believed Phelps had a defense to a part, if not to all, of the note, might well have been considered by the common pleas as unsatisfactory. We are not informed that the affidavit of the client could not have been produced instead of asking the court to take the conclusion of the attorney. The facts with reference to the defense were what

should have been shown to the court.   *Goldsberry* v. *Carter*, 28 Ind. 59.

We think the common pleas committed no error in refusing to set aside the default.

Judgment affirmed, with two per cent. damages and costs.

### ON PETITION FOR A REHEARING.

Downey, J.—In a petition for a rehearing in this case, we are asked to settle a disputed question as to the condition of the transcript at a time prior to the submission of the cause.   It is alleged by counsel for the appellant, that at that time the transcript did not show that the court below had overruled the demurrer to the eighth paragraph of the answer.   It seems to be conceded by counsel for the appellee that they caused the transcript to be amended by the clerk of the common pleas, in 'the respect mentioned, after it was on file in this court, and before submission.   It does not appear that any change was made in the record after the submission of the cause, nor do we think the case should have been differently decided if the change had not been made.

We must, however, express our disapprobation of the practice resorted to to correct the transcript, conceding that there was an error in it.   The recognized mode of correcting errors and supplying deficiencies in the transcript is by application to this court, and by means of a *certiorari*.

The petition is overruled.

*F. M. Finch* and *J. A. Finch*, for appellant.

*L. Barbour* and *C. P. Jacobs*, for appellee.