Kreite *v.* Kreite *et al.*

Filed March 6, 1884.

---

No. 11,050.

KREITE *v.* KREITE ET AL.

93 583
146 289

JUDGMENT.—*Application to Set Aside.*—In an application to set aside a judgment under section 396, R. S. 1881, it must not only appear that the party has a defence, but that the judgment was taken against him through his mistake, inadvertence, surprise or excusable negligence.

SAME.—*Negligence of Attorney.*—Where a party simply employs an attorney,

informs him of his defence, and pays no further attention to his cause, he is himself guilty of gross negligence, and is not entitled to relief from such judgment.

SAME.—The neglect of an attorney is the neglect of the client.

From the Dearborn Circuit Court.

*O. F. Roberts*, for appellant.

BEST, C.—The appellant instituted this proceeding to set aside a judgment the appellee Henry Kreite had taken against him, and to enjoin the appellee John C. Sims, sheriff, etc., from collecting an execution then in his hands issued upon such judgment.

The complaint averred, in substance, that the appellee Henry Kreite instituted a suit in the Dearborn Circuit Court against the appellant upon a note of $133.60, which he had theretofore made to said Henry; that process was duly served, returnable the 9th day of September, 1882, and that appellant employed one John A. Parks, a practicing attorney of said court, to appear and defend said cause; that said Henry was, at the time, indebted to the appellant in the sum of $168.10 for personal property had and received by said Henry from the appellant; that said Henry was the son of appellant, lived upon the latter's farm, and when he moved away he carried off and converted to his own use other personal property belonging to appellant of the value of $91.50, and that each of said sums was then due and wholly unpaid; that appellant informed said Parks of his several grounds of defence before the return day of said writ, and relied upon him to defend said cause; that thereafter said " Parks pretended, in part, to set up by way of answer his claim against said defendant, but that thereafter said Parks, on the 27th day of September, 1882, well knowing that the plaintiff had a valid and complete defence to said action, and without any authority from the plaintiff, and without his knowledge or consent, wrongfully agreed, suffered and permitted a judgment in said court to be rendered in favor of

said Henry upon said note * * * for the sum of $136.05 and costs;" that had the appellant known of such agreement, or that such action was to be taken, he would have objected to the same, and would have asserted his defences, but that he knew nothing of it, and did not know that a judgment had been taken against him until the 15th day of March, 1883, when said sheriff demanded the payment of an execution issued upon said judgment; that his defences are valid and can be established, etc. Wherefore he prays that the judgment be set aside, that he be allowed to defend, and the appellees be enjoined from collecting said execution, etc.

A demurrer was sustained to the complaint and final judgment rendered for the appellee. The ruling upon the demurrer is assigned as error.

This application was made under section 396 of the code of 1881, which provides that the court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, at any time within two years after the rendition of the judgment. Under this section, it must appear that such party has a meritorious defence to the action, and that the judgment was taken against him through his mistake, inadvertence, surprise or excusable neglect. The complaint in this case shows that the appellant has a complete defence to the action, and in this respect the showing was sufficient, but it wholly fails to show any excuse for not making the defence. After process was personally served, the appellant employed an attorney, informed him of the nature of his defence, and paid no further attention whatever to the matter. This was gross negligence on his part. The mere employment of an attorney did not relieve him from any further responsibility about the matter. It was still his duty to look after his case, to furnish the evidence by which his defence could have been established, and had he done so he could, for aught that appears, have made the defence he now seeks to make. Nothing hindered him

save his own negligence, and under such circumstances he is not entitled to relief from the judgment. The averment that the attorney neglected to make the defence adds nothing to the application, as the attorney's negligence is the negligence of the appellant himself, as has been frequently decided. *Spaulding* v. *Thompson,* 12 Ind. 477; *Phelps* v. *Osgood,* 34 Ind. 150; *Cox* v. *Harvey,* 53 Ind. 174; *Brumbaugh* v. *Stockman,* 83 Ind. 583.

Besides, it does not appear that the appellant's attorney could do anything in his absence other than to file an answer, and, therefore, the fault seems to have been his own.

It is said that the attorney had no authority to agree that judgment should be rendered. Concede it, and yet this fact does not entitle him to relief from the judgment. The attorney's act was appellant's act, and if as between them the attorney had no such authority, and appellant was injured, his remedy is against the attorney, and not to be relieved from the judgment. The demurrer was properly sustained, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment be and it is hereby affirmed, at appellant's costs.

