The Baltimore and Ohio and Chicago Railroad Company *v.* Flinn.

Filed June 11, 1891.

———————

No. 237.

THE BALTIMORE AND OHIO AND CHICAGO RAILROAD COMPANY *v.* FLINN.

SUMMONS.—*Service.*— *When in Time.*—Where a summons is served December 27th, returnable January 7th, the second judicial day of the term, the service is in time.

JUDGMENT.—*By Default.*—*Relief From.*—*Mistake of Attorney.*—Where the attorney in a cause fails to read the summons, which is served in time, and in consequence forgets the day for trial, a default taken because of the non-appearance of the defendant, will not be set aside on the ground of "mistake, inadvertence, surprise or excusable neglect."

From the Noble Circuit Court.

*J. H. Collins* and *J. E. Rose*, for appellant.

*H. C. Peterson*, for appellee.

ROBINSON, J.—On the 24th day of December, 1889, appellee commenced his action against the appellant in the Noble Circuit Court to recover damages for two horses killed, and a wagon and other personal property destroyed, at a highway crossing on appellant's road, which highway crossing the complaint alleged, through the negligence of the appellant, was not kept and maintained in good and proper

repair, but that appellant negligently suffered the said crossing over its road to become unsafe and in an improper condition, thereby rendering the passage of said highway and crossing dangerous and unsafe; that the appellee was driving along said highway and upon said crossing, in a lawful manner, with a team of horses attached to a wagon, using proper care and diligence, and not knowing of the defective and dangerous condition of said crossing, and by reason of the improper condition in which the appellant had wrongfully and negligently suffered said crossing to get, one of the appellee's horses was thrown violently to the ground by reason of one of his fore feet becoming fastened between the rail of said track and the plank on the outside of said rail; that said horse in falling threw the other horse of said team down upon him; that appellee was unable to extricate the foot of said horse so fastened as aforesaid, or to remove said horses, or either of them, from said track, although he used his best efforts so to do; that while said team was upon said track, and in the condition aforesaid, said appellant, without fault or negligence on the part of the appellee, by its servants, wrongfully, carelessly and negligently caused one of its locomotives, with a train of cars attached thereto, to run upon and over said team and kill said horses, break up said wagon and harness and a plow, the property of the appellee, of the value, etc.

On the same day the complaint was filed a summons was issued to the sheriff of Noble county, who made return thereof that he served the same on December 27th, 1889, "upon the within named defendant by reading the same to and within the hearing of Albert S. Young, as local freight and passenger agent of the within named defendant (the Baltimore and Ohio and Chicago Railroad Company), at Albion Station, in Noble county, Indiana, and by delivering to him a full, true and complete copy of this writ. I can find no other officer of said railroad company of any higher grade in my county."

The summons required the appellant to appear on the second day of the January term, 1890, of the Noble Circuit Court, being January 7th, 1890, the regular term of the court commencing on Monday, January 6th, 1890.

The appellant failed to appear, by reason of which nonappearance it was defaulted on the second judicial day of said term of said court, being the day of said term to which the summons was made returnable; and afterwards, on the 13th day of January, 1890, being the seventh judicial day of said term of said court, the cause was tried by the court, in the absence and without the knowledge of the appellant or any person representing the appellant, and judgment was rendered against the appellant for $275 and costs. Afterwards, at the same term of said court, appellant filed a motion to vacate the judgment for the reason that the summons was served on the appellant on the date hereinbefore named, and it was defaulted on the 7th day of January, 1890, and that the appellant was a corporation of Ohio and not of Indiana. This motion was supported by affidavit, and afterwards, and at the same term, another motion was filed to vacate the judgment, which was also supported by the affidavit of J. H. Collins, counsel for the appellant, in which it was stated that during the latter part of December, 1889, the summons in said cause was forwarded to his office; that when the summons was received it was laid aside by him, expecting subsequently to take up the question and file an answer; that he did not know, and the fact did not come to his knowledge until about the 20th, day of January, 1890; that the circuit court of Noble county commenced on the 6th day of January of said year, but the impression was left on his mind that said court commenced after the adjournment of the circuit court of De Kalb county; that he was counsel for appellant in the counties through which its road passed in the State of Ohio; that on the 6th day of January, 1890, an important case was set for trial in the common pleas court of Hancock county, Ohio, and that for one or two

The Baltimore and Ohio and Chicago Railroad Company *v.* Flinn.

weeks or more previous to said date, he was engaged in preparing the case pending in Hancock county, Ohio, for trial, and on the said day he went to Findlay, in said county, and commenced the trial of said cause, and was so engaged during the 6th and 7th days of January, and had entirely forgotten and overlooked said cause, until about the 20th of January, 1890, when he prepared and forwarded to the clerk of said court an answer therein denying the allegations contained in the complaint; that the appellant had a valid defence to said action, and that the facts averred in the answer filed were true, as he believed, upon information which he had received from the proper officers of said company; that at the time said suit was commenced, and subsequently thereto, and until about the 23d day of January, 1890, there was no counsel in said cause for the appellant, except said affiant; that on the 23d or 24th of January, he asked James E. Rose, local counsel for appellant in De Kalb county, to give said case some attention; that in pursuance of his instructions said Rose went to Albion, in the county of Noble, for the purpose of giving the case the required attention; that before the employment of said Rose no other counsel than said affiant was engaged in said cause on behalf of said appellant; that by reason of the inadvertence, mistake and surprise above referred to, an answer for said appellant in said cause was not sent to the clerk of said court until the time named.

The answer referred to in this affidavit was filed with the affidavit and motion in said court. Both of these motions were overruled and exceptions taken.

The errors assigned are that the court erred in overruling appellant's motion to set aside the default taken, filed in court on the 24th day of January, 1890; that the court erred in overruling appellant's motion to vacate the judgment and set aside the default therein and allow appellant to file answer and go to trial; and that the court erred in

defaulting appellant at the time shown in the record, and in going to trial at the time therein named.

It is first contended by the appellant that the action did not properly stand for issue and trial at the January term, 1890, of said court; that service of process was not in time for that term, and that it was error to default the appellant on the second judicial day of the term, and then proceed to trial on the date named.

The appellant is mistaken in the position assumed. The summons was served on the 27th day of December, and was returnable on the 7th day of the January following, that being the second judicial day of the January term of said court, the term of the court commencing on the 6th day of January. This was ten days before the first day of the term, and was sufficient service under the rule that has been settled for many years in this State; that rule being "that the day of service is excluded and the first day of the term included." And it makes no difference where process was served ten days before the first day of the term and was made returnable on the second day, and default was taken on that day. *Blair* v. *Manson,* 9 Ind. 357; *Womack* v. *McAhren,* 9 Ind. 6; *Blair* v. *Davis,* 9 Ind. 236; *Monroe* v. *Paddock,* 75 Ind. 422; *Kaufman* v. *Sampson,* 9 Ind. 520; *Kaufman* v. *Forchheimer,* 10 Ind. 418; *Trittipo* v. *Talbott,* 13 Ind. 544.

We do not think the objection of the appellant's counsel to the return of the service of the summons is well taken. The return to the summons, as shown by the sheriff in his endorsement thereon, complies strictly with the requirements of the statute and was clearly sufficient. Section 316, R. S. 1881; *Toledo, etc., R. W. Co.* v. *Owen,* 43 Ind. 405.

The remaining claim of the appellant is that the circuit court should have relieved the appellant from the judgment under the last clause of section 396, R. S. 1881, providing that the court " shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusa-

ble neglect." While the court, if it finds that the judgment was so taken, has no discretion to refuse the relief, still, under repeated decisions of the Supreme Court, it is held that in an application of this kind the applicant must show that he had a good defence, in whole or in part, to the action. *Phelps* v. *Osgood*, 34 Ind. 150.

It appears from the record in this case that on the 7th day of January, 1890, being the second judicial day of said term of said court, the default was entered against the appellant, and that on the seventh day of the term the case was tried by the court on the default, and judgment was rendered against the appellant ; that afterwards, on the 24th day of January, 1890, being the seventeenth judicial day of said term, said appellant filed a motion to set aside the default, and vacate said judgment, which motion was supported by the affidavit of John E. Rose, an attorney for the appellant, which motion was, on the 29th day of January, 1890, being the twenty-fourth judicial day of said term of said court, overruled ; and thereupon appellant filed a second motion to vacate said judgment and set aside the default, which was supported by the affidavit of J. H. Collins, also an attorney of the appellant, which motion was also overruled. There was nothing in the first motion that presented any cause that would have justified the court in vacating the judgment and setting aside the default, and there is no claim in the argument that this motion was improperly overruled ; but it is presented in argument in connection with the second motion, which it is insisted should have been sustained.

If the appellant should have been relieved from the judgment by reason " of mistake, inadvertence, surprise or excusable neglect," such relief must have been granted under the statement of facts contained in the affidavit of appellant's attorney, J. H. Collins. In the determination of this question it becomes necessary to look to the alleged grounds as shown by this affidavit. It will be seen that the deponent states " that during the latter part of the month of Decem-

ber, 1889, the summons in this case was forwarded to his office; that when it was received it was laid aside, he expecting subsequently to take up the question and file an answer; that he did not then know, and the fact did not come to his knowledge, until about the 20th day of January, 1890, that the circuit court of Noble county commenced on the 6th day of January of said year, but the impression was left on his mind that said circuit court commenced after the adjournment of the circuit court in DeKalb county." The deponent also states that he was counsel for appellant in the counties through which said road passes in the State of Ohio; that on the 6th day of January, 1890, an important case was set for trial in the common pleas court of Hancock county, Ohio, in the preparation of which case he had been engaged for one or two weeks previous to said date; that he was engaged in the trial of said cause on the 6th and 7th days of January; returned to his office, in Columbus, Ohio, on the 8th day of January, and on the 20th day of January, 1890, found that he had entirely forgotten and overlooked this case, when he prepared and forwarded to the clerk of said court an answer denying all of the averments in the complaint.

With the statement of the deponent that he received the summons in the case at bar several days before the case was set for trial; that it was laid aside to be taken up subsequently, when an answer would be filed; that he did not know, and the fact did not come to his knowledge until about the 20th of January, 1890, that the Noble Circuit Court commenced on the 6th of January of said year; that he had an impression on his mind that the Noble Circuit Court commenced after the adjournment of the circuit court in DeKalb county, and that on the 20th of January, 1890, the deponent found that he had entirely forgotten and overlooked this case, and then prepared the answer, we are asked to say that the circuit court erred in declining to relieve appellant from the judgment. The fact that the deponent received

The Baltimore and Ohio and Chicago Railroad Company *v.* Flinn.

the summons several days before the trial of the cause was sufficient to inform him when the cause was set for trial, and certainly should have removed any impression left on his mind as to when the term of said court commenced. He need not have remained in doubt on that point if he read the summons, which it was his duty to do. This, taken in connection with the admitted fact that on the 20th day of January, 1890, deponent found that he had entirely forgotten and overlooked the case, and with the fact that the reading of the summons would have removed all doubt as to when the Noble Circuit Court convened, in our opinion constitutes negligence of such a character that a judgment rendered under such circumstances will not be. set aside and vacated upon the claim that such judgment was taken through " mistake, inadvertence, surprise, or excusable neglect."

To hold otherwise, where summons has been served as required by statute, and a copy thereof placed in the hands of the party charged with answering the cause, and in ample time for answer, would be holding that the summons could be evaded, and the judgment vacated under any pretence, however shallow.

It is apparent, from the record, that the deponent Collins was the general attorney of the appellant, and as such had general control and management of the appellant's legal business, and was intrusted with the management of this case, and that it was his duty to take notice of, and give proper attention to, all actions commenced against the appellant; and for that purpose the summons, as shown by deponent's affidavit, was placed in his possession in ample time to have prevented a default, and made defence to the action.

Freeman, on Judgments, at section 112, says: " The neglect of an attorney or agent is uniformly treated as the neglect of the client or principal, except in New York. A default will not be opened because the attorney had prepared a demurrer, but had failed to file it by reason of his miscalculating

the time when it was due; neither will relief be granted because the attorney forgot the day and time for trial. And, in general, no mistake, inadvertence, or neglect, attributable to the attorney, can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client."

The facts shown by the record were clearly insufficient, on the ground of " mistake, inadvertence, surprise, or excusable neglect," to vacate the judgment, and set aside the default. Among the many cases decided by the Supreme Court sustaining this conclusion we cite the following. *Sharp* v. *Moffitt,* 94 Ind. 240; *Kreite* v. *Kreite,* 93 Ind. 583; *Spaulding* v. *Thompson,* 12 Ind. 477; *Phelps* v. *Osgood, supra; Cox* v. *Harvey,* 53 Ind. 174; *Brumbaugh* v. *Stockman,* 83 Ind. 583.

The appellee contends that there was not a sufficient showing that appellant had a good defence to the action. We think the statement by the deponent, that the answer in general denial, filed with the motion to vacate the judgment and set aside the default, as deponent believed, upon information which he had received from the proper officers of said company, might well have been considered by the circuit court as unsatisfactory, and that the court might well have inquired why the names of the officers of the company from whom the information was derived were not given, and their affidavits produced, instead of asking the court to accept the conclusion of the attorney.

The facts with reference to the defence were what should have been shown to the court. *Phelps* v. *Osgood, supra; Goldsberry* v. *Carter,* 28 Ind. 59; *Frost* v. *Dodge,* 15 Ind. 139.

We think the circuit court committed no error in refusing to vacate the judgment and set aside the default.

Judgment affirmed, with ten per cent. damages and costs.

Filed June 11, 1891.