DANIEL W. SWEATMAN ET AL. *v.* JASPER N. DEAN ET AL.

1. PARTITION. *Chancery decree.    Title under.    Evidence.    Collateral attack.*

Title in the purchaser under a chancery proceeding for the sale of lands for partition of proceeds, which cannot be collaterally attacked, is shown as against the parties to the suit by offering in evidence the bill for partition, process issued and served in the cause, with decree and report of sale and decree of confirmation of sale.

2. SAME. *Decree ordering partition.    Interlocutory.*

A decree directing partition of land is interlocutory and may be modified or vacated by the court at any time before the final decree, the one confirming the partition, is rendered.

3. SAME. *Recitals in decree.    Effect of as to notice.*

A recital in a decree of sale in partition proceedings that all parties interested in the lands are made parties by proper process duly served, where there is nothing in the record to contradict the recital, is conclusive of the jurisdiction of the court.

4. SAME. *Summons.    Returnable wrong day of term.    Decree.*

A summons returnable to the second Monday of a term of the chancery court, while irregular, is not void, and a decree predicated thereof, rendered after the second Monday of the term, cannot be collaterally attacked.

FROM the chancery court of Lauderdale county.

HON. JAMES L. McCASKILL, Chancellor.

86 Miss.—41

Dean and others, appellees, were complainants in the court below; Sweatman and others, appellants, were defendants there. From a decree in favor of complainants the defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Ethridge & McBeath,* and *G. Q. Hall, Hall & Jacobson,* for appellants.

The decree appealed from is predicated of the defective execution of process in the former suit—*i. e.,* that one of the summonses, to wit, the one to W. W. Dean and Jasper Dean, duly issued on March 2, 1894, was made returnable the second Monday, when it should have been returnable the first Monday, in May, 1894. Whether such mistake in date was a mere clerical error, or whether the clerk failed, at the moment, to note the fact that the legislature in 1894 changed the date of the beginning of the May term from the second to the first Monday, does not appear. The decree was, however, not rendered until the 24th of May, 1894. Consequently the most that may be said is that the decree was voidable merely, but absolutely good and unassailable by collateral attack. The recital of the decree "that all parties interested in said lands are made parties to this proceeding by proper process duly served," is a solemn adjudication of the court that process had duly been served. *Cocks* v. *Simmons,* 57 Miss., 183; *Sadler* v. *Prairie Lodge,* 59 Miss., 573.

The doctrine of the conclusiveness of judgments and decrees, as recognized in this state, is clearly and forcefully stated by this court in the cases above cited. However, by way of illustrating the practical unanimity of the courts on this proposition, we beg to cite the following: *Cooper* v. *Reynolds,* 10 Wall., 308; *Cornett* v. *Williams,* 20 Wall., 226; *Kempe* v. *Kennerly,* 5 Cranch, 173; *Thompson* v. *Tolmie,* 2 Pet., 157; *Vorhees* v. *Bank,* 10 Pet., 449; *Grignor* v. *Astor,* 2 How. (U. S.), 319; *Florentine* v. *Burton,* 2 Wall., 210; *McGoon* v. *Scales,* 9 Wall.,

23; *Glover* v. *Holman,* 3 Heisk., 519; *West* v. *Williamson,* 1 Swan (Tenn.), 277; 11 Ency. Pl. & Pr., 816, 817; 18 Ency. Pl. & Pr., 432; 1 Black on Judgments, sec. 245, *et seq.*

*Amis & Dunn,* for appellees.

The decree in the case of *B. F. Dean* v. *W. D. Dean et al.,* No. 1367, is void for want of jurisdiction of the person of some of the defendants therein, and that it has been uniformly held that judgments which are void (1) for want of notice to the parties, (2) for want of jurisdiction of the court, (3) for fraud in their procurement, are open to collateral attack by any one in interest. 6 Howard (Miss.), 106; 8 Smed. & M., 505; 4 How. (Miss.), 401; 34 Miss., 68; 37 Miss., 185; 41 Miss., 49; 7 How. (Miss.), 127; 1 Smed. & M., 351; 1 Smed. & M., 521; 1 Smed. & M., 584; 3 Smed. & M., 641; 7 Smed. & M., 85; 33 Miss., 382.

That the general rule is that notice must be given to all defendants, else the judgment is void as to all parties to the suit. 5 How., 516; 5 How., 688; 44 Miss., 121; 41 Miss., 460; 44 Miss., 293.

That the jurisdiction of the court rendering the judgment can always be inquired into, either on direct or collateral attack as to subject-matter or as to person. 1 Smed. & M., 351; 37 Miss., 17.

Appellants contend, however, that the recital in the decree relied on by them, to the effect that all proper parties had been duly served with process, is conclusive of the present controversy, and cannot be inquired into, notwithstanding the recitals of said decree may be untrue. We do not dissent from the rule contended for, but we insist that the rule is not applicable to the case at bar, as made by the record. Let us admit that, in support of their answer, the defendants introduced in evidence the bill, process, and decrees in case No. 1367, as on the hearing of the exceptions. They did not rely upon the decree alone and the presumption in favor of its validity, but under-

took to show title in themselves by introducing as evidence the entire record of the former partition proceedings. In so doing, the defendants themselves impeach the decree upon which they rely; in other words, they show the invalidity of the decree. Their situation might have been entirely different had they simply proven the decree and relied upon the presumptions attaching to it.

The citation issued in the case under review to W. D. Dean and Jasper N. Dean, both of whom were minors and nonresidents of the state of Mississippi, was not made returnable to any term of court nor to any rule-day, as provided by law. The citation was a nullity, not merely irregular; and it could not have been amended, and was therefore void. In the case of *Joiner* v. *Bank,* 71 Miss., 382, a summons regular in form, but issued during a term of court and returnable instanter, or returnable to the same term of court during which it was issued, was held to be a nullity, notwithstanding it was properly served; and a judgment based thereon, though not taken until the next term of court, was void.

Cox, J., delivered the opinion of the court.

The original bill in this cause avers that complainants and certain defendants therein named—to wit, B. F. Dean, J. A. Dean, Mrs. Mary Harper, B. F. Harper, Mrs. Kizzie Johnson, Carrie Dean, and Ida Dean—are tenants in common, with right of possession, of the entire interest in certain lands described in the bill, of which partition is sought; that D. W. Sweatman, Elizabeth E. West, Oliver Larkin, and Georgeanna Turner claim some interest in said lands under and through their codefendants, and that they are joined as parties defendant to the bill so that they may propound and indicate their claims, if any they have, to said lands. Oliver Larkin and Georgeanna Turner answer, disclaiming all title to the land and interest in the controversy. D. W. Sweatman, B. F. Dean, Mrs. Mary Harper, and B. F. Harper answer, admitting the relationship

of the complainants and certain of defendants to one H. H. Dean, deceased, former owner of said lands, through which relationship complainants claim that themselves and certain of the defendants are tenants in common of the entire interest in said lands, but deny that complainants have any interest whatever in the said lands. The answer avers, on the contrary, that title to the said lands was divested out of complainants and other co-tenants by a sale by a commissioner appointed by the chancery court of Lauderdale county in the case of *B. F. Dean et al.* v. *W. D. Dean* (No. 1367), to which reference is made, and that defendant D. W. Sweatman purchased said land at a sale made by W. C. Moore, commissioner of said court, and that he paid therefor the sum of $400, etc. The final decree of the court in the said cause No. 1367 and the deed of the commissioner are made exhibits to the answer. The cause coming on for hearing on bill, answers, exhibits, and proofs (as recited in the decree), the court found the complainants and defendants, Jasper W. Dean, W. H. Dean, Mrs. Clarissa Thomas, B. F. Dean, J. A. Dean, Mrs. Mary Harper, Mrs. Kizzie Johnson, B. F. Harper, Ida Dean, and Carrie Dean, are the owners in common in fee simple of the lands, ascertained and fixed their respective interests, and ordered partition by commissioners. Upon the coming in of the report of the commissioners showing partition and allotment of said lands pursuant to decree, D. W. Sweatman, one of the defendants below, and appellant here, excepted to said report upon the ground "that the lands in question are not the property of the heirs of H. H. Dean, among whom said commissioners have attempted to divide them, but are the property of your exceptor by purchase at a sale made thereof on the first Monday of October, 1894, at the public vendue by a commissioner of this honorable court, pursuant to a decree therefor made and entered on the minutes thereof on the 24th day of May, 1894, in certain partition proceedings styled '*B. F. Dean et al.* v. *W. D. Dean et al.* (No. 1367),' the parties thereto being the same as those herein

amongst whom division in kind is attempted to be made;" and that the purchase money had been paid, distribution made, etc. Reference is made to bill for partition in No. 1367, decree of sale thereon, report of sale, and decree of confirmation; all of which are made exhibits. B. F. Harper joined in the exceptions. Upon the hearing of the exceptions the court sustained an objection to the evidence offered by the exceptors—to wit: (1) Bill for partition in cause No. 1367, styled *"B. F. Dean et al.* v. *W. D. Dean et al.;"* (2) decree of sale in said cause; (3) report of sale; (4) decree of confirmation; (5) process issued in said cause. The court excluded the evidence offered, and, being of opinion that the exceptions were not well taken, overruled the same, approved and confirmed the report of the commissioners, and set off the lands in severalty according to the report; whereupon exceptors Sweatman and Harper prosecuted their appeal to this court.

We are not able to determine precisely what evidence the court had before it when it rendered the original decree for partition in case at bar, and we do not deem it specially important that we should know. Nor do we deem it necessary to determine upon whom was the burden of proof upon the hearing of the original bill and answer. It is clear that all that was, necessary of the record in cause No. 1367—to wit, the bill, the original decree, the report and decree of confirmation, and process issued in said cause—were before the court on the hearing of the exceptions; and these conclusively showed title in exceptor Sweatman as against any collateral attack. This case is not within the principle of *Norris* v. *Callahan,* 59 Miss., 140. The decree in that case was for sale of lands to pay debts of testator. It was a final decree. It could not be opened by exceptions to report of sale. A decree directing partition of land is interlocutory. *Gillylen* v. *Martin,* 73 Miss., 701 (19 South. Rep., 482). The interlocutory orders and decrees made by the court in a suit for partition are under the absolute control of the court, and at any time before the final decision may be

modified and reversed.  15 Ency. Pl. & Pr., 810.  The decrees of sale and confirmation in case No. 1367 cannot be collaterally assailed.  The decree of sale in that cause recites "that all parties interested in said lands are made parties to this proceeding by proper process duly served."  Such a recital in a decree was, in *Cocks* v. *Simmons,* 57 Miss., 183, in an opinion by George, C. J., held conclusive of the jurisdiction of the court.  In that case the return on process showed no service on some of the defendants.  In the instant case the record shows legal service as to all, but that some of the defendants were cited to the second, instead of the first, Monday of the term.  The decree sought to be impeached was rendered at a much later date than the return-day, and during the fourth week of the term.  At the most, this was a mere irregularity, amendable if attention had been called to it, and, if not amended, presenting only the question of error or no error on direct appeal from the decree rendered by the court, but not affecting its validity in a collateral attack.  *Kelly* v. *Harrison,* 69 Miss., 856 (12 South. Rep., 261); *Kaufman* v. *Sampson,* 9 Ind., 520; *Rigsbee* v. *Bowler,* 17 Ind., 167.

*Reversed and remanded.*