CHARLES A. SUTTON *vs.* HENRY D. WOOD.

December 3, 1880.

Estoppel—Admission.—No estoppel can be created out of an admission made without any fraudulent purpose, and which, from its nature and the circumstances under which it was made, involves no culpable negligence on the part of the one making it.

Appeal by defendant from a judgment of the municipal court of Minneapolis. The action was replevin for one set of double harness, the defence was title and right of possession in defendant, and the trial was by the court, whose findings were, in substance, as follows. On January 5, 1880, the plaintiff presented to defendant the following order: "Mr. Wood: Please to deliver my harness to Mr. C. A. Sutton, and you will oblige, yours truly, A. G. Wendell." The defendant read the order, told plaintiff that he had no claim to the harness, and that if plaintiff would call at noon of that day, he (defendant) would deliver to him the harness. Plaintiff then went to Wendell, and bought the harness, taking a bill of sale thereof. At the time appointed plaintiff called on defendant and demanded the harness, which defendant refused to deliver. Some three months prior to January 1, 1880, Wendell, owning a team and the harness in question, sold the team to defendant. Thereupon one Laramee, a creditor of Wendell, asked defendant if he would not buy the harness. The defendant said he would, and that he would give $40 for it. Laramee then went to Wendell, and told him of defendant's offer, and was told by Wendell to sell the harness to defendant for $40, if he could not get more. Laramee then sent word to defendant that he could have the harness for $40, and defendant took and retained possession thereof. Laramee credited Wendell on his account with the price of the harness, and charged the harness to defendant.

As a conclusion of law, the court held that defendant, by his statement to plaintiff that he had no claim on the har-

ness, and would deliver it to plaintiff at noon, if he would come for it, was estopped from claiming ownership of the harness when the plaintiff went after it at noon, as the plaintiff had, in good faith, acted on the statement and bought the harness of Wendell. Judgment was accordingly ordered and entered for plaintiff for the value of the harness, and the defendant appealed.

*Koon, Merrill & Keith,* for appellant.

*George R. Robinson,* for respondent, cited *Rice* v. *Dewey,* 54 Bart. 455; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 480; *Dezell* v. *Odell,* 3 Hill, 215; *Reynolds* v. *Lounsbury,* 6 Hill, 534; *Presbyterian Congregation* v. *Williams,* 9 Wend. 147; *Stonard* v. *Dunkin,* 2 Camp. 344; *Chapman* v. *Searle,* 3 Pick. 38; *Morrison* v. *Blodgett,* 8 N. H. 238.

CORNELL, J. To give to the conduct or admission of a party the character and effect of an estoppel, it must have been fraudulent in its purpose, or, in the absence of any such express intention, so directly unjust in its result as to make out against him a clear case of culpable negligence in not having contemplated it as the natural consequence of his admission. *Combs* v. *Cooper,* 5 Minn. 200 (254;) *Whitacre* v. *Culver,* 6 Minn. 203 (297;) *Same* v. *Same,* 8 Minn. 103 (133;) *Pence* v. *Arbuckle,* 22 Minn. 417; *Coleman* v. *Pearce,* 26 Minn. 123; *Andrews* v. *Lyon,* 11 Allen, 349; *Pierce* v. *Andrews,* 6 Cush. 4.

The case at bar presents neither of these elements. The admission relied on as an estoppel is not shown to have been made to mislead and induce the plaintiff to make the purchase he afterwards did, or with any frudulent purpose whatever. No reference was made to any purchase. Defendant had no knowledge or intimation that one was contemplated, or that plaintiff was in any way interested in learning from him the ownership of the property. It is not even shown that the plaintiff at the time had any intention of buying the property, or that such an intention was suggested to him by the admission or anything that there occurred. No fault can be

attributed to defendant on the ground of negligence, for he had no reason to suppose that his statement as to the ownership of the property would influence the plaintiff to buy it; and the nature and circumstances of the admission were not such as would naturally, or even probably, tend to that result.

Judgment reversed.