# Jones *v.* Hilliard.

### *Application for Mandamus.*

1. *Sale of intoxicating liquors; its regulation by legislation.*—The sale of intoxicating liquors has long been considered in this State a legitimate subject of police regulation; and it is in the power of the legislature to impose restrictions thereon.

2. *Same; special act construed.*—An act of the General Assembly requiring that an applicant for a license to retail vinous, spirituous or malt liquors within a prescribed territory, should procure the recommendation of a majority of the householders and freeholders of the precinct or ward in which he proposes to carry on the business, and furnish satisfactory evidence thereof to the probate judge, is not inoperative because it does not provide any means or machinery for procuring such recommendation, or furnishing such evidence. A compliance with the act is not impossible, although it may impose labor and expense on the applicant.

APPEAL from PIKE Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

Under the provisions of an act entitled "An act to amend section 1544 of the Code of Alabama, so far as the same relates to the counties of Pike, Butler and Coffee," approved March 1st, 1881 (Pamph Acts, 1880–1, p. 182), no license must be granted to sell vinous, spirituous or malt liquors in the counties of Pike, Butler and Coffee, unless the applicant obtain the recommendation of a majority of both the householders and freeholders of the election precinct or ward where such person desires to sell such liquors, and also furnish to the judge of probate satisfactory evidence that the signatures of the parties so making the recommendation are genuine, and that the signers are resident householders and freeholders of such precinct or ward. No machinery is, however, provided by the act for obtaining such recommendation or for furnishing such evidence. The appellant, a resident of the city of Troy, in Pike county, desiring to obtain a license to retail vinous, spirituous and malt

[Jones v. Hilliard.]

liquors therein, applied to the appellee, as the judge of probate for said county, for a license for that purpose, he having complied with the provisions of section 1544 of the Code of 1876, and tendered the sum required by the statute to be paid for such license. The appellee refused to issue the license on the ground that the appellant had not complied with the provisions of the special act for that county; and thereupon the appellant applied to the judge of the circuit court for a *mandamus* to compel the appellee to issue the license. To the petition the appellee interposed a demurrer, which was sustained by the court, and the petition was dismissed. The judgment of the Circuit Court is here assigned as error.

JOHN D. GARDNER, for appellant.—The incompleteness, impracticability and absurdity of the statute in question, are fatal to its validity. It is incomplete in that, (1) there are no means furnished by the act for ascertaining who are the householders and freeholders of the precinct or ward, or the number of them; (2) there are no means provided by which an issue can be framed, or the questions arising under the act can be litigated; (3) or for obtaining the evidence required by the act; and (4) the power conferred on the judge of probate is purely arbitrary. The following cases are cited: *Ex parte Burnett*, 30 Ala. p. 468; *Campbell's case*, 20 Amer. Decisions, 360; *U. S. v. Cantril*, 4 Cranch. 167; Dwarris on Statutes, Rules 9 and 10, p.144.

RICE & WILEY, *contra*.—(1). The power of the legislature to prohibit, as well as to restrain, by proper regulations, the sale of intoxicating liquors, is well settled.—*License Cases*, 5 How. (U. S.) 504; *McGuire v. The Commonwealth*, 3 Wall. p. 387; *License Tax Cases*, 5 Wall. 462; *Pervear v. The Commonwealth*, 5 Wall. p. 475. (2). While compliance with the provisions of the statute in question may impose trouble, expense and inconvenience, yet it is not impossible to perform the conditions prescribed thereby. It is not, therefore, invalid.

STONE, J.—Under the legislative policy of this State, as in many other States, the sale of intoxicating liquors by retail has long been considered a legitimate subject of police regulation. The legislature has power to impose restrictions on this species of traffic, and, in localities, may interdict the sale entirely. *Dorman v. The State*, 34 Ala. 216; 1 Dillon on Mun. Corp. § 363; *License Cases*, 5 Wall. 462; 1 Dil. on Mun. Corp. § 44. Counsel do not controvert this proposition. The precise objection to the enforcement of the act "to amend section 1544 of the Code of Alabama, so far as the same relates to the counties of Pike, Butler and Coffee," approved March 1, 1881 (Pamph.

Acts, 1880–1), is, that it provides no means, or machinery for procuring the recommendation of the householders and free-holders, and of furnishing evidence of the same to the judge of probate. A compliance with this prerequisite may impose labor and expense on the applicant, but the condition is not impossible of performance. The statute casts on the applicant the duty of furnishing the necessary evidence, and we know of no rule, constitutional or otherwise, for declaring it inoperative. *Sadler v. Langham*, 34 Ala. 311.

The judgment of the Circuit Court is affirmed.