## FLYNN v. TAYLOR ET AL.

[No. 17,861.   Filed June 19, 1896.]

INTOXICATING LIQUOR.— Remonstrance.— Time of Filing.— Statute Construed.— A remonstrance to the granting of a license to sell intoxicating liquors, filed on Thursday next preceding the Monday on which the session of the board of commissioners commenced, is in time, under section 9, Act of March 11, 1895, requiring same to be filed three days before the session.

SAME.—Remonstrance —Several Remonstrances May be Considered as One.—License.—Several copies of a remonstrance to the granting of a license to sell liquor, each of which is signed by different voters and filed as a remonstrance, will be considered as only one remonstrance.

SAME.— License.— Remonstrance.— Constitutional Law.— Section 9, Act of March 11, 1895, allowing a majority of the voters of a township or ward by remonstrance to prevent the granting of a license to sell intoxicating liquors, is constitutional.

From the Vermillion Circuit Court.   Affirmed.

F. F. James, for appellant.

Conley & Sawyer, for appellees.

MONKS, C. J.—Appellant, after giving the notice required by law, filed in the auditor's office of Vermillion county, on August 31, 1895, his application for a license to sell intoxicating liquors in a less quantity than a quart at a time, at Dana, Holt township, of said county.   On Thursday, August 29, 1895, there was filed with the said auditor, a remonstrance under section nine of an act approved March 11, 1895, Acts 1895, p. 251, commonly called the Nicholson law, against granting a license to said appellant, which remonstrance, it was claimed, was signed by a majority of the voters of said Holt township.

The board of commissioners found that said remonstrance was signed by a majority of the voters of said

township and refused to grant a license to appellant for that reason, as required by said section nine, Acts 1895, p. 251.

Appellant appealed to the circuit court, and that court refused to grant a license for the same reason.

The first question presented for our decision is: When is the last day upon which a remonstrance may be filed under section nine of the act approved March 11, 1895, commonly known as the Nicholson law? Said section nine provides, that "If, three days before any regular session of the board of commissioners of any county, a remonstrance in writing, signed by a majority of the legal voters of any township or ward in any city situated in said county, shall be filed with the auditor of the county, against the granting of a license to any applicant for the sale of of spirituous, vinous, malt or other intoxicating liquors under the law of the State of Indiana, with the privilege of allowing the same to be drunk on the premises where sold within the limits of said township, or city ward it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the date of the filing of such remonstrance. If any such license should be granted by said Board during said period, the same shall be null and void, and the holder thereof shall be liable for any sale of liquors made by him the same as if such sale were made without license. The number to constitute a majority of voters herein referred to shall be determined by the aggregate vote cast in said township or city ward for candidates for the highest office at the last election preceding the filing of such remonstrance."

The remonstrance in this case was filed Thursday, August 29, 1895, and the regular September session of

Flynn *v.* Taylor *et al.*

the board of commissioners commenced Monday, September 2, 1895.

In case a statute requires an act to be performed a certain number of days before a time named, the general rule is to include one day of the period and exclude the other. *Krohn* v. *Templin*, 2 Ind. 146; *Womack* v. *McAhren*, 9 Ind. 6; *Catterlin* v. *City of Frankfort*, 87 Ind. 45; *Towell* v. *Hollweg*, 81 Ind. 154, and cases cited.

Section 1280, R. S. 1881 (section 1304, R. S. 1894), provides that the time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last.

Section 516, R. S. 1881 (section 524, R. S. 1894), requires that summons be served on the defendant ten days before the first day of the term of court; and this same provision was in the revisions of 1843, 1838 and 1831. Under these several statutes it was held that service on Friday of the week before the court was sufficient. *Womack* v. *McAhren, supra.*

This was the construction of such statute before the enactment of section 1280 (1304), *supra*, in regard to the rule computing time. This court, in *Womack* v. *McAhren,supra*, in speaking of said last named statute, said: "Nor does the statutory rule of excluding the first day and including the last, make any difference. That was the law long before the statute was enacted. Indeed, the statute was but enacting the decision of the Supreme Court. Thus, that the day of the service was to be excluded, was expressly decided in *Krohn* v. *Templin*, 2 Ind. 146. * * * But even before the adoption of the new rule of computation, as announced in 2 Ind., *supra*, a service on *Friday*, to appear on the *Monday* week following, was always considered a good ten days' service."

It is not necessary to determine, in this case, whether the first or last day is to be excluded, for the

reason that the result is the same either way, the last day is Friday before Monday, the first day of the session of the board. For the same reason it is not necessary to determine whether section 1280 (1304), *supra*, controls the computation of time in this case. As the remonstrance in this case was filed on Thursday, August 29, 1895, it was in time, and if filed on the next day, Friday, August 30, it would have been in time.

It appears from the record that ten copies of a remonstrance were prepared, and that they were all signed by the voters of said township, each voter, however, signing but one of said copies. These ten papers, so signed, were attached together and filed as a remonstrance in this case. Said ten copies, filed as stated, were signed by a majority of the legal voters of said township, but no one of said copies by a majority of said voters.

Appellee earnestly insists that there were ten different and separate remonstrances, while the law only permits one. We think that when filed the instruments constituted but one remonstrance. If each voter signed a separate remonstrance under section 9 of said act, against granting a license to any applicant, and they all were filed within the time required, they would constitute but one remonstrance under said section, and if signed by a majority of the voters of the township or ward, the board of commissioners would have no jurisdiction to act in said case, or grant a license to such applicant for two years from the date of filing said remonstrance. A license granted after such remonstrance is filed, is, under the provisions of said section nine, null and void, and no protection whatever to the person receiving the same.

Under the statutes in this State, requiring the signatures of a certain per cent. or number of the voters or other persons to a petition or remonstrance as

affecting the jurisdiction or power of the board of commissioners to act, it seems to have been the general practice to have as many copies of such petition or remonstrances as was deemed necessary, each signed by different voters or persons, and that when filed they constituted one petition or remonstrance. See *Mode* v. *Beasley*, 143 Ind. 306.

It is also urged that section nine of said act is unconstitutional. This question has been decided adversly to appellant's contention in *State* v. *Gerhardt*, *ante*, 439.

Judgment affirmed.