Cochell *v.* Reynolds.

## COCHELL *v.* REYNOLDS ET AL.

[No. 19,155.　Filed December 21, 1900.]

INTOXICATING LIQUORS.—*License.—Remonstrance.—Signatures.—Attorney in Fact.—Statute. Construed.*—Under §9 of the act of March 11, 1895 (Acts 1895, p. 248), providing that it shall be unlawful for the board of county commissioners to grant license to sell intoxicating liquors where a remonstrance thereto, signed by a majority of the legal voters of the township or city ward has been filed with the county auditor, such legal voters have no authority, by power of attorney, to authorize an agent to sign their names to "any remonstrance against the granting of a license to any person he may see fit to remonstrate against," since the voters are not authorized to confer upon another the power of deciding for them the matters committed to their judgment and discretion by the legislature.

From the White Circuit Court. *Reversed.*

*A. W. Reynolds, A. K. Sills, W. W. Woollen* and *Evans Woollen,* for appellant.

*E. B. Sellers* and *W. E. Uhl,* for appellees.

BAKER, J.—Appellant duly gave notice of his application and applied to the board of commissioners of White county for a license to sell intoxicating liquors, in less quantities than a quart at a time, to be drunk on his premises. At the proper time a remonstrance in writing, bearing the names of appellees, was filed with the auditor of the county. The remonstrance was filed in pursuance of section nine of an act better to regulate and restrict the sale of intoxicating liquors (Acts 1895, p. 248), which reads: "Sec. 9. If, three days before any regular session of the board of commissioners of any county, a remonstrance in writing, signed by a majority of the legal voters of any township, or ward in any city, situated in said county, shall be filed with the auditor of the county against the granting of a license to any applicant for the sale of spirituous, vinous, malt or other intoxicating liquors under the law of the State of

Indiana, with the privilege of allowing the same to be drunk on the premises where sold within the limits of said township, or city ward, it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the date of the filing of such remonstrance. If any such license should be granted by said board during said period, the same shall be null and void, and the holder thereof shall be liable for any sales of liquors made by him the same as if such sale were made without license. The number to constitute a majority of voters herein referred to shall be determined by the aggregate vote cast in said township or city ward for candidates for the highest office at the last election preceding the filing of such remonstrance." It is agreed that the remonstrance does not contain the required number of signatures, unless the names signed by an agent under a certain power of attorney are to be counted. By the power of attorney the agent "is hereby authorized to sign our names to any remonstrance against the granting of a license to any person he may see fit to remonstrate against receiving or having any such license, and to file such remonstrance in the office of the auditor of White county, Indiana, at any time he may see fit and present the same to the board of commissioners of White county, Indiana, and all such power and authority is hereby granted to our said attorney in fact so to do at any time within two years from the date hereof." The error assigned is the overruling of appellant's motion for a new trial. The only question presented is whether or not the names should be counted which were subscribed to the remonstrance by an agent under the foregoing power of attorney.

In *Castle* v. *Bell*, 145 Ind. 8, it was affirmed that the hearing on an application for a liquor license is a judicial proceeding; that the application is in the nature of a complaint; that a remonstrance on account of the immorality or other unfitness of the applicant is in the nature of an

answer; and that, by virtue of §973 Burns 1894, §961 R. S. 1881 and Horner 1897, authorizing a civil action to be prosecuted or defended by a party in person or by attorney, a remonstrance on account of the applicant's unfitness signed by the remonstrators' attorney at law is a sufficient compliance with §7298 Burns 1894, §5314 R. S. 1881 and Horner 1897, which provides that "it shall be the privilege of any voter of said township to remonstrate in writing against the granting of such license to any applicant on account of immorality or other unfitness as is specified in this act". Under section nine of the supplemental law of 1895, a remonstrance states facts sufficient to constitute a defense if it alleges the opposition of the remonstrators to the granting of the license. Simply that they are averse to the applicant's conducting a saloon in their township or ward is enough. That the required number, with proper qualifications, are remonstrants is to be determined by proof. *Head* v. *Doehleman,* 148 Ind. 145. Similar proceedings are found in drainage cases in the circuit courts. *Sauntman* v. *Maxwell,* 154 Ind. 114. The opposition of a majority of the voters is a defense in the judicial proceeding in which the application for the license is pending. The remonstrance stating that opposition, though not strictly a pleading, is in the nature of an answer. And it would seem to follow from the decision in *Castle* v. *Bell,* *supra,* that the parties in interest might prepare, sign, and present their remonstrance in writing by an attorney at law as their representative in the judicial proceeding,—if a party's signature to a pleading were the only matter involved. Section 240 Burns 1894, §240 R. S. 1881 and Horner 1897 provides that if "the written signature of any person is required, the proper handwriting of such person or his mark shall be intended", and concurrently adds that if "a statute requires an act to be done which, by law, an agent or deputy as well may do as the principal, such requisition shall be satisfied by the performance of such

Cochell *v.* Reynolds.

act by an authorized agent or deputy". But if it were held that the demands of a statute authorizing the filing of a certain answer, *signed* by the party in interest, were fulfilled by the party's signature made by his authorized attorney in the case, nothing appearing in the statute to require the personal act of the party, such as a personal verification,—the present case would not be ended, because here is involved an act of the principal which, by law, may not as well be done by an agent.

In *State* v. *Gerhardt,* 145 Ind. 439, 33 L. R. A. 313, and *Massey* v. *Dunlap,* 146 Ind. 350, it was decided that by section nine of the act of 1895 there was created "a species of self-government which by the law is placed in the hands of the people to be exercised by a majority of them as they may judge to be for their best interest"; that the remonstrance authorized by section nine must be against a particular application for license and not against the liquor traffic generally; that, therefore, a general remonstrance against all applications pending and afterwards to be made within two years is unavailing.

The regulation and restraint of the sale of intoxicating liquors is an exercise of the police power of the State. That power, as an original, primary power, is lodged in the legislature. The legislature has delegated a portion of the power to the voters of the townships and city wards. To each voter is committed the right to decide whether or not he will oppose any or all applications. He may be hostile to the commerce and determine that he will resist every application. He may favor a well regulated traffic and conclude to thwart only those applicants he deems unfit. As to the voter, the right is delegated, and not primary. A delegated right can not lawfully be redelegated in the absence of express authority to that end from the principal. The act of 1895 does not give the voter, in respect to the decision to be made by him, the right of substitution. In

Cochell *v.* Reynolds.

this case the voters professed to authorize an agent to sign the voters' names to remonstrances in such cases as the agent should see fit. The decision was not the voters', but the agent's, multiplied in power by the number of signatures to the remonstrance. The names signed to the remonstrance under this power of attorney should not have been counted, because the voters may not confer upon another the power of deciding for them the matter committed to their judgment and discretion by the legislature. The effectiveness of an instrument by which the voters should determine for themselves the matter of discretion and employ an attorney at law or one of their own number to appear in one or all of these judicial proceedings, and prepare, sign and file a remonstrance in each case, and by which instrument the attorney accepted the employment and agreed to act upon the expressed decision of the voters, is not directly involved in this appeal.

Judgment reversed, with instructions to sustain the motion for a new trial.

CONCURRING OPINION.

JORDAN, J.—I concur in the result reached in this appeal for the reason asserted in the opinion of the court that the right or power conferred upon the legal voters of a township or ward of a city, under section nine of the statute in controversy, can not be delegated by such voters to some special agent in such a manner as the exercise of such power will be made to depend upon the mere discretion of the agent. While I concur in this view, I do not profess to approve of all the statements and *obiter* embraced in the majority opinion.

No question is involved in this case as to whether the document or paper, denominated by section nine as "a remonstrance in writing", shall be treated as of the nature or character of a pleading in the proceedings upon the particular application for a license to which it may be directed

Cochell *v.* Reynolds.

In *State* v. *Gerhardt,* 145 Ind. 439, it is held that section nine of the act in question, by authorizing the remonstrance therein provided, thereby imposed a condition or prohibition upon the jurisdiction of the board of commissioners in respect to granting a license to retail intoxicating liquors; and the mere fact, if found to exist, that a remonstrance in writing, whereby a majority of the legal voters of the township or ward disclose their opposition to the granting of a license to an applicant, was filed with the county auditor three days before the beginning of the regular session of the board of commissioners, was in effect to destroy the power or jurisdiction of the board over the matter of the application, and that it could proceed no further therein but must dismiss such application.   The remonstrance intended by the statute has no regard whatever for the merits of the proceeding under the petition of the applicant, but simply affects the jurisdiction of the board therein, and is quite different in its nature or character from the remonstrance involved in the case of *Castle* v. *Bell,* 145 Ind. 8. It is certainly a misnomer to denominate the remonstrance authorized by the section in question as an answer.   In no manner can it be said to respond to the application for a license, but in effect it simply says, in terse terms, that "We, the undersigned, oppose or forbid the granting of a license to," etc.

In concurring in the reversal of the judgment in this case, I am not to be understood as impliedly, or otherwise, affirming that the legal voters of a township, or ward, as the case may be, can not under any circumstances be permitted to remonstrate, under section nine, *supra,* through the agency of another.