### WILCOX *v.* BRYANT ET AL.

[No. 18,986.    Filed March 28, 1901.]

Intoxicating Liquors.—*License.—Remonstrance.—Two Years Limitation.—Constitutional Law.*—The provision of §9 of the act of 1895 (Acts 1895, p. 248), making it unlawful for the board of county commissioners to grant a license to sell intoxicating liquors within two years from the date of the filing of a remonstrance against the granting of a license to such applicant, is constitutional. *p. 381.*

Same.—*License.—Remonstrance.—Two Years Limitation.*—Where a remonstrance signed by a majority of the legal voters of the township was filed against the granting of a license to sell intoxicating liquors, the board of county commissioners had no power to grant the applicant a license during a period of two years from the date of such filing, and the fact that the reason given by the board for refusing the license was the insufficiency of the bond tendered by the applicant did not render the decision void. *pp. 381, 382.*

---
Wilcox *v.* Bryant.
---

From the Porter Circuit Court. *Affirmed.*

*J. E. Cass* and *W. Daly,* for appellant.

Monks, J.—It appears from the record that appellant, after giving the notice required by law, filed, at the March term, 1896, of the board of commissioners of Porter county an application for a license to sell intoxicating liquors in Boone township, Porter county. That at the proper time, in conformity with the provisions of section nine of the act of 1895 (Acts 1895, p. 248), known as the Nicholson law, a remonstrance signed by a majority of the legal voters of said township was filed against granting appellant said license. That the board of commissioners refused to grant said license on account of the insufficiency of the bond tendered by said appellant. Appellant thereupon appealed to the Porter Circuit Court, but subsequently dismissed said appeal. Afterwards, after giving the notice required by law, appellant filed, at the December term, 1897, of said board of commissioners, an application for license to sell intoxicating liquors, under the laws of this State, at Hebron, in said Boone township. Said board refused to grant said license for want of jurisdiction, on account of said remonstrance filed before the March term, 1896, under the provisions of said section nine of the Nicholson law. Appellant appealed to the court below, where the license was refused for the same reason.

Said section nine of the act of 1895, commonly known as the Nicholson law, provides that "If, three days before any regular session of the board of commissioners of any county a remonstrance in writing, signed by a majority of the legal voters of any township or ward in any city situated in said county, shall be filed with the auditor of the county against the granting of a license to any applicant for the sale of spirituous, vinous, malt, or other intoxicating liquors under the law of the State of Indiana, with the privilege of allowing the same to be drunk on the premises where sold

within the limits of said township, or city ward, it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the date of the filing of such remonstrance. If any such license should be granted by said board during said period the same shall be null and void, and the holder thereof shall be liable for any sales of liquors made by him the same as if such sale were made without license. The number to constitute a majority of voters herein referred to shall be determined by the aggregate vote cast in said township or city ward for candidates for the highest office at the last election preceding the filing of such remonstrance."

Appellant insists that the two years' limitation in said section nine is unconstitutional and void. The constitutionality of said section nine was sustained by this court in *State* v. *Gerhardt,* 145 Ind. 439, 468-472; *Flynn* v. *Taylor,* 145 Ind. 533, 537. It is true that the two years' limitation was not involved in those cases, but the reasoning in *State* v. *Gerhardt, supra,* and the case cited therein conclusively sustain the constitutional validity of said provision. When the remonstrance signed by a majority of the legal voters of Boone township was filed in the auditor's office, before the March term, 1896, of the board of commissioners, in conformity with the provisions of said section nine, said board had no power to grant said license. *State* v. *Gerhardt, supra; Flynn* v. *Taylor, supra,* 536; *Sutherland* v. *McKinney,* 146 Ind. 611, 613.

The bond required of a person before a license to sell intoxicating liquors under the laws of this State can be issued to him must be approved by the county auditor, and filed in his office. §7279 Burns 1894, §5315 R. S. 1881 and Horner 1897. We do not know of any law requiring that such bond be tendered to the board of commissioners for their approval, or that authorizes the board to refuse a license on account of the insufficiency of such bond.

The license was properly refused by the board at the March term, 1896, on account of the remonstrance signed by a majority of the legal voters of said township filed in the auditor's office of said county under said section nine, *supra*, and the fact that a wrong or insufficient reason was given therefor by the board is not material. A correct decision is not void or erroneous because an incorrect reason is given therefor. The appeal from the decision of the board refusing said license at the March term, 1896, and the subsequent dismissal of that appeal, did not render said remonstrance ineffective. It was the filing of said remonstrance, signed by a majority of the legal voters, in conformity with the provisions of said section nine, that rendered it unlawful to grant appellant a license during a period of two years from the date of such filing. Appellant's application in this case having been made to the board of commissioners of Porter county, during the period of two years from the date of filing said remonstrance, said board, under the provisions of said section nine, *supra*, had no jurisdiction or power to grant the same. The board of commissioners not having such jurisdiction or power, the court below had no such jurisdiction or power on appeal. *Myers* v. *Gibson*, 152 Ind. 500, 506, and cases cited; *Mays* v. *Dooley*, 59 Ind. 287; *Horton* v. *Sawyer*, 59 Ind. 587, 589; *Pritchard* v. *Bartholomew*, 45 Ind. 219.

The court below, therefore, did not err in refusing to grant said license to appellant. Judgment affirmed.