## VALIDITY OF LAW REGULATING LOCATION OF LIVERY STABLES.

Circuit Court of Cuyahoga County.

EMMA B. MALONE v. MARY M. PORTER ET AL.

Decided, June 21, 1902.

*Constitutional Law—Boarding Stables—Law Requiring Consent of Nearby Residents to the Building of a Boarding Stable, Valid.*

Section 2672-105, Revised Statutes, providing that before one can secure a license to build or operate a livery or boarding stable in a residence neighborhood in certain cities he must secure the written consent of the property owners and lessees within a distance of 300 feet from the proposed building, is not a delegation of legislative power and does not discriminate in favor of a certain class, but is a valid exercise of the police power and is constitutional.

*Noble, Pinney & Willard,* for plaintiff.
*Blandin, Rice & Ginn,* contra.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

This case was appealed from the common pleas court, and involves the establishing of a boarding-stable and the right to build one on the lot of the defendant in the action. The action is brought by the plaintiff to enjoin the building of the same. It involves Section 2672, sub-divisions 104 and 105.

Sub-division 104 provides that keeping, maintaining, or conducting any livery, sale or boarding-stable without a license therefor, to be obtained as set forth in the statute, is prohibited in a city of the second grade of the first class.

Sub-division 105 provides as to the building and construction and keeping of the same under the rules and ordinances of the city in reference to the business, and *this* provision is found in Section 105: "provided, however, that if such applicant desires to carry on such business in a part of such city which is wholly or principally devoted to residences and buildings of the dwelling-house class occupied as homes, and in a building or buildings situated upon premises not at the time of such ap-

plication used in such business, it shall be unlawful to grant such certificate unless such applicant shall secure the written consent thereto of any and all owners and lessees of residence or dwelling-houses within a distance of three hundred feet from the premises upon which said business is to be carried on, and shall satisfy the board that such written consent has been secured.''

The defendants seek to establish a boarding-stable on East Prospect street in the city of Cleveland, which street is principally and almost entirely devoted to residences and buildings of the dwelling-house class and occupied as homes, and is one of the principal residence streets of the city of Cleveland; the houses being of an expensive and ornamental character, and the street being kept up in a very cleanly and neat manner by its residents.

The business is one that the defendants seek to establish and they had commenced the building of the barn intended for the purpose of a boarding-stable, when this action was brought to enjoin the building of the same and of carrying on the business therein of a boarding-stable. The defendants did not secure the written consent of the owners and lessees of residences or dwelling-houses within a distance of three hundred feet from the premises upon which said business was to be carried on, nor did they obtain a license from the city for the purpose of this building or business.

It is admitted in this case that if these sections of the law are constitutional, the defendants, not having complied with the same, have no right to establish their business on the street, but if the act is unconstitutional, then they claim that they have the right to establish the same without obtaining consents and without the license provided for in the law.

This raises the question of the constitutionality of the law, and it is claimed that the law is unconstitutional:

1.  Because it is a local law.

2.  Because the provision of obtaining consents within the prescribed distance from the barn sought to be established is an unwarranted provision of the law, and unconstitutional because

it delegates to the citizens residing within the prescribed distance the right to determine what the law shall be.

3. Because the provision is unreasonable and discriminates between persons desiring to establish a business on the street and those having a business already there.

*First.* As to the law being unconstitutional because it is a local law on a general subject. The law is one applicable in cities of the second grade of the first class and, as such, applied at the time of its passage to but one city in the state, but which *might,* at any time thereafter, apply to more than one, or to many. This class of legislation has frequently been upheld by the Supreme Court and, as we understand the decisions, that court has never held a law of this character to be a local law— that it applies to all of a class, which class may include more than one city. This legislation we understand is constitutional. The Supreme Court adheres to its ruling that cities may be classified and, as long as the classification is extended to more than one, with a possibility of many that shall belong to that class, that classification is warranted by the Constitution. There are many decisions upon this question in the Supreme Court Reports, which were reviewed carefully upon the hearing of this case and which we have examined, and we believe they warrant us in holding that this law is a *general* law.

*Second.* Is the law unconstitutional for the reason that it delegates legislative powers to the citizens whose consent is to be obtained? In our judgment there is no legislative power delegated. The power delegated pertains entirely to the execution of the law; to the carrying out of its provisions; and, when the stable is established under the law, it is done by virtue of the law and not by reason of the consents of the lot owners.

This question has been the subject of much litigation in the courts and it would be impossible to undertake to give all the authorities bearing upon this question, but we believe this general rule to be established: that if the power is delegated to say what the law shall be, it is unconstitutional; but if the power delegated pertains only to the execution of the law, to the mode and manner of carrying it out, then it is constitutional.

The matter of determining when a law shall go into effect in a certain community, or as to a certain property, has been many times before the courts. 43 Ga., 421; 70 Cal., 35; 41 Miss., 737; 51 Miss., 735; 42 Ind., 547; 19 Fla., 563; 64 Ala., 300.

Some of these cases pertain to the regulation of the sale of intoxicating liquors; they prescribe that before a person shall engage in that business he shall have the consent, in some cases, of the adjoining property owners, if the community is given to residence purposes; in other cases, of the persons who live in the ward or township in which the business is sought to be established, and, in other cases, of a certain number of those who live in the vicinity, describing the territory covered. The same rule applies as was applied in 19 Fla., 563; 69 Ala., 300; 118 Ind., 41.

In this latter case the law provided that the depot-master was to say where hacks should stand around the depot. It was held constitutional. A case of the same nature is found in 27 Minn., 363. The same ruling has been applied to auctions (28 Iowa, 96), and to camp-meetings (120 Ill., 567).

In 116 Mo., 248, it was sought to make the same ruling apply to a livery stable, and the court held the law to be unreasonable, and that it gave a right to exclude the livery stable from every part of the city and hence from the city entirely. While the court recognized the right to regulate stables, yet a law that would exclude them entirely from the city upon the will of the people, would be unreasonable, in that such stables were necessary for persons residing in the city and for persons residing out of the city and coming in.

The matter was before the Supreme Court of Illinois in 162 Ill., 494. That law was much like the one under consideration in this case and the mere fact that it arose under an ordinance instead of under a statute, would make no difference. The municipality gets its authority to legislate from the Legislature, and any law made by the Legislature that is unconstitutional, would be unconstitutional if made by a municipal corporation. This law was upheld as not delegating legislative power and as not being unreasonable.

In commenting upon the 116 Mo., *supra,* the court draws a clear distinction between the two ordinances, in that the Missouri ordinance, or the St. Louis ordinance, was such as to exclude stables from the city entirely, at the will of the people, while, in the Chicago case, it was only to exclude them from certain neighborhoods given over to residences. This feature of the law is not unconstitutional, nor is it unreasonable. It seems to us that it would occur to any one that the excluding of livery and boarding-stables from a neighborhood given over to fine residences is not an unreasonable thing to do. But this law does not seek to exclude them entirely from such neighborhoods. It gives the party a right to establish his business on any street in the city, but, before he can do so, he must have the consents of certain of the property owners around his property, and that provision is certainly not unreasonable.

It is claimed, in the next place, that the law is unconstitutional because it extends to one class of citizens rights which it excludes others from enjoying unless the consents named in the statute can be obtained.

The law is a police regulation, intended to save the people from the vicinity of such a stable the annoyance that invariably arises therefrom, and, as such a regulation, it is much like the regulation in regard to fire limits, which is also a police regulation, pertaining to fires; while the law under consideration is a police regulation pertaining to health and comfort—both of the same nature.

There are many cases to be found in the books, where limits have been established within a city, where no frame building can be erected, without undertaking to disturb the frame buildings within the territory prescribed already erected and made of wood.

Such laws have been held constitutional, and the principle underlying them is, that while the city may prescribe regulations of this nature in regard to health, fire and crime, and other matters of like nature, it may not, in prescribing such regulations, destroy property already existing, unless such property has become a nuisance and can be declared to be such. The party already in business and the one who seeks to go into and

establish a business in prohibited territory are persons of a different class; they stand upon different rights and upon different facts, and the distinction is one clearly recognizable by law.

The same principle has been applied to camp-meetings (120 Ill., 567, and many other cases, that might be cited). Camp-meetings are permitted, by law, to exclude all persons from establishing business during camp-meeting on property not only owned by the camp-meeting, but on property owned by persons who seek to establish the business, and yet excepting from the law those persons who have a regularly established business within the prescribed territory; and the business, within the facts and the difference in the situation of the parties, is so different a thing, sufficient in magnitude to place them in different classes.

Many other examples of the rule under consideration might be cited, but we see no profit in doing so.

It is our conclusion that the law is constitutional, and that the defendants, not having complied with the same, are not entitled to erect their boarding-stable, nor to use their property for such purposes, because they have not complied with the law.

The injunction sought in this case is made perpetual.