## BOOMERSHINE v. ULINE ET AL.

[No. 19,786. Filed November 25, 1902.]

INTOXICATING LIQUORS.—*Remonstrance.*—*Grounds of Need not be Stated.* —A remonstrance against the granting of a license to sell liquors, under section nine of the act of March 11, 1895 (Acts 1895, p. 251), need not state the grounds on which the remonstrators rely to defeat the application. *p. 501.*

SAME.—*Remonstrance.*— *Constitutionality of Statute.*—*Class Legislation.*— Section nine of the act of March 11, 1895, providing the manner in which the legal voters of a township or city ward may successfully remonstrate against the granting of licenses to sell intoxicating liquors, is not unconstitutional as being class legislation; since all applicants for license are subject to the same condition, and are granted or refused license upon the same terms. *pp. 502–504.*

From Elkhart Circuit Court; *J. S. Drake,* Special Judge.

Application for license to sell liquor by Adam Boomershine. Remonstrance by Barney Uline and others. From a judgment refusing the license, the applicant appeals. *Affirmed.*

*E. A. Dausman, L. L. Burris* and *W. H. H. Dennis* for appellant.

*B. F. Deahl, Anthony Deahl, C. J. Orbison* and *E. F. Ritter,* for appellees.

MONKS, J.—This proceeding was brought by appellant under §7278 Burns 1901, §5314 R. S. 1881 and Horner 1901, to obtain a license to sell intoxicating liquors at Nap-

panee, Locke township, Elkhart county, in a less quantity' than five gallons at a time. Acts 1897, p. 253, §7283 Burns 1901, §5318 Horner 1901. On appeal, the court below re-fused the license on the ground that a majority of the legal voters of said Locke township had remonstrated against the granting of such license, under §7283i Burns 1901, §5323i Horner 1901, being section nine of the act known as the Nicholson law.

Appellant first insists that a remonstrance under section nine of the Nicholson law "must state the grounds on which the remonstrators rely to defeat the application for a license," the same as is required by section three of the act of 1875, §7278 Burns 1901, §5314 R. S. 1881 and Horner 1901, and that the remonstrance in this case was, therefore, insufficient because no such grounds were stated. Said sec-tion nine does not require that any grounds or reasons for not granting the license be stated in a remonstrance filed under said section; and remonstrances under said section which gave no grounds or reasons therefor, except that the remonstrators were opposed to the granting of a license to the applicant, have been uniformly held sufficient by this court. *Cochell* v. *Reynolds,* 156 Ind. 14; *Wilcox* v. *Bryant,* 156 Ind. 379; *Flynn* v. *Taylor,* 145 Ind. 533; *State* v. *Ger-hardt,* 145 Ind. 439, 33 L. R. A. 313; *Sutherland* v. *Mc-Kinney,* 146 Ind. 611.

In *Cochell* v. *Reynolds, supra,* at page 16, this court said: "Under section nine of the supplemental law of 1895, a re-monstrance states facts sufficient to constitute a defense if it alleges the opposition of the remonstrators to the grant-ing of the license. Simply that they are averse to the applicant's conducting a saloon in their township or ward is enough. That the required number, with proper qualifi-cations, are remonstrants, is to be determined by proof."

It is true that a majority of the voters of a township or ward have the power, by remonstrating against granting a license to an applicant, to prevent the board of commission-

ers or court on appeal from exercising jurisdiction to grant a license; but, so construed, the law has been held constitutional by this court. *State* v. *Gerhardt, supra; Flynn* v. *Taylor, supra; Wilcox* v. *Bryant, supra.*

There is no substantial difference between said section nine and the laws which require that, before a license to sell intoxicating liquors will be granted, the applicant must procure the consent or recommendation of a majority of the legal voters of the township or ward in which the saloon is to be located, or a designated number of voters, property owners, citizens, or taxpayers thereof. Such laws have been uniformly held constitutional in this and other states. *Groesch* v. *State,* 42 Ind. 547; *Ex parte Christensen,* 85 Cal. 208, 24 Pac. 748; *Ex parte Holmquist* (Cal.), 27 Pac. 1099; *State, ex rel.,* v. *Brown,* 19 Fla. 563; *State, ex rel.,* v. *County Com., etc.,* 22 Fla. 364; *Swift* v. *People, ex rel.,* 162 Ill. 534, 44 N. E. 528, 33 L. R. A. 470; *City of Chicago* v. *Stratton,* 162 Ill. 494, 44 N. E. 853, 35 L. R. A. 84, 53 Am. St. 325; *Whitten* v. *Covington,* 43 Ga. 421; *Rohrbacher* v. *Jackson,* 51 Miss. 735; *Van Nortwick* v. *Bennett,* 62 N. J. L. 151, 40 Atl. 689; *Jones* v. *Hilliard,* 69 Ala. 300; *Crowley* v. *Christensen,* 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; *In re Hoover,* 30 Fed. 51; Black, Intox. Liq., §§45, 47; 17 Am. & Eng. Ency. Law (2d ed.), 211, 212, 247, 248, 249.

It was held by this court in *State* v. *Gerhardt,* 145 Ind. 439, 468, 473, 33 L. R. A. 313, *Massey* v. *Dunlap,* 146 Ind. 350, and *Cochell* v. *Reynolds,* 156 Ind. 14, 17, "that by section nine of the act of 1895, there was created a 'species of self-government which by the law is placed in the hands of the people to be exercised by a majority of them according as they may judge to be for their best interest.'" See *Groesch* v. *State, supra.* In *Cochell* v. *Reynolds, supra,* at page 17, the court said: "The regulation and restraint of the sale of intoxicating liquors is an exercise of the police power of the State. · That power, as

an original, primary power, is lodged in the legislature. The legislature has. delegated a portion of the power to the voters of the townships and city wards. To each voter is committed the right to decide whether or not he will oppose any or all applications. He may be hostile to the commerce and determine that he will resist every application. He may favor a well regulated traffic and conclude to thwart only those applicants he deems unfit."

In *State* v. *Gerhardt, supra,* at page 462, this court said: "The principle upon which is based the regulation of the liquor traffic is found in the police power of the State, and it should be remembered, in construing all statutes on that subject, that no one possesses an inalienable or constitutional right to keep a saloon for the sale of intoxicating liquors. *Sherlock* v. *Stuart,* 96 Mich. 193 [21 L. R. A. 580]. 'To sell intoxicating liquor at retail is not a natural right to pursue an ordinary calling.' Black, Intox. Liq. §48."

In *Crowley* v. *Christensen, supra,* the Supreme Court of the United States, by Mr. Justice Field, said: "There is no inherent right in a citizen to thus sell intoxicating liquor by retail; it is not a privilege of a citizen of the state or of the United States. As it is a business attended with danger to the community it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only."

Appellant insists, however, that said section nine, so construed, violates §23, article 1, of the Constitution of this State, which provides that "The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms, shall not equally

belong to all citizens." This is not tenable, even if said section is applicable here,—a question we need not and do not decide; but see *Blair* v. *Kilpatrick,* 40 Ind. 312, 315, *Blair* v. *Rutenfranz,* 40 Ind. 318, *Welsh* v. *State,* 126 Ind. 71, 76, 77, 78, 9 L. R. A. 664, *Woodford* v. *Hamilton,* 139 Ind. 481, 485, for the reason that all applicants for a license are subject to the same conditions, and are granted or refused licenses upon the same terms.

The names of voters of Locke township appearing on the remonstrance against appellant were not signed by them, but by a person acting under the authority of a written instrument executed by said voters. Appellant insists that the remonstrance was void because not signed by the voters in person. Since appellant filed his brief, this court, in *Ludwig* v. *Cory,* 158 Ind. 582, where the "power of attorney" was substantially the same as the one in this case, held that the remonstrance to which the names of a majority of the voters were signed by another, by virtue of such an instrument, was valid, the same as if signed by the voters themselves.

Finding no error in the record the judgment is affirmed.