WILLIAMS *v.* THE STATE.

Debt on a sheriff's bond for the failure of the sheriff to return an execution within the period required by statute. The execution was dated *March* 3, 1843, and was returned *March* 4, 1844, the preceding day being *Sunday*. *Held*, that the year expired on the 3d of *March*, 1844, but, that day being *Sunday*, the execution was returnable, by the statute, on the following *Monday*.

APPEAL from the *Morgan* Circuit Court.

*Per Curiam.*—Debt against *Williams* on his official bond as sheriff of *Morgan* county. Breach alleged, the failure to return an execution in time.

The execution was dated *March* 3, 1843; and, hence, under the rule now established for the computation of time, was returnable *March* 3, 1844. But that day was *Sunday;* and, by the statute of 1843, the execution was, on that account, returnable on the following *Monday*, being the 4th of *March*. On that day it was returned. There was, therefore, no breach of the bond.

On the failure of a sheriff to return an execution in time, he was liable to 10 per cent. on, over and above the amount of, the debt, &c., under the statute of 1843. That statute was subsequently repealed; but the Circuit Court instructed that the plaintiff had a vested right in said 10 per cent., which the legislature could not take away.

If that 10 per cent. was a penalty, the legislature had a right to remit it. See the cases cited in *Norris* v. *Crocker et al.*, 13 Howard 429.

The judgment is reversed with costs. Cause remanded, &c.

*L. Barbour* and *A. G. Porter*, for the appellant.

*S. H. Buskirk* and *C. H. Test*, for the state.