BLAIR and Another *v.* MANSON.

BLAIR
v.
MANSON.

Judgment may be rendered by default, on a day prior to that set by the clerk for the trial of the cause.

But a defendant cannot be forced into trial before the day for which the cause is docketed.

Process served *August* 31. Court commenced *September* 10. *Held,* that the service was good.

APPEAL from the *Montgomery* Circuit Court.

Wednesday,
June 17.

STUART, J.—Two questions are discussed, which have been already determined adversely to the views of the appellees.

1. The judgment was rendered by default, on a day prior to that set by the clerk. That was not erroneous. On the second and each succeeding day of the term, all the causes for trial may be called for *issues,* and the pleadings completed at an early day. 2 R. S. p. 42. If the defendant fail to plead under the order of the Court, judgment may be entered as by default, and that too, as here, before the day on which the case is docketed by the clerk for trial. But the defendant is not to be pressed into *trial* before the day on which it is set by the clerk; for until that day the defendant is not bound to have his witnesses in attendance ready for trial. *Blair* v. *Davis,* at the present term (1).

2. It is objected that process was not in time. The service was on the 31st of *August.* The Court commenced *September* 10th. This was a good ten days' notice. The day of the service is to be excluded, and *Monday,* the first day of the Court included. *Womack* v. *McAhren* and wife, at the present term (2).

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*S. C. Willson* and *J. E. McDonald,* for the appellants.

*J. R. Slack,* for the appellee.

(1) *Ante,* 236.
(2) *Ante,* 6. *Vide* note for cases.

May Term,
1857.

McCRAY *v.* THE JUNCTION RAILROAD COMPANY.

McCRAY
v.
THE JUNC-
TION RAILR'D
COMPANY.

*Friday,*
*May 30, 1856.*

APPEAL from the *Union* Circuit Court.

(1) 7 Ind. R. 407.

May Term,
1857.

HAMILTON
v.
THE NEW-
CASTLE AND
DANVILLE
RAILR'D CO.

*J. S Reid* and *J. F. Gardner,* for the appellant.

*J. Yaryan,* for the appellees.