## ARDERY ET AL. v. DUNN ET AL.

[No. 22,203.   Filed February 26, 1914.]

1. HIGHWAYS.—*Construction.*—*Report of Completion.* — *Exceptions to Report.*—*Time of Filing.*—*Statutes.*—Under §7733 Burns 1908, Acts 1905 p. 521, §82, providing that the superintendent and engineer in charge of highway construction, on completion of same, shall each file his sworn statement to that effect with the auditor of the county, and that the board of commissioners shall not act thereon until such statements shall have been filed at least ten days before the first day of any regular term of the board, and that within said ten days any interested taxpayer may file his sworn statement that such road construction has not been completed, etc., the words "before the first day of any regular term" includes the first day of the term, so that the statements of an engineer and superintendent filed ten days, including the first day of the term, were in time; and the words "within said ten days" mean the period during which the statements of the engineer and superintendent must be on file before action thereon by the board, hence an affidavit filed by a taxpayer on the first day of the term was in time.   p. 226.

From Union Circuit Court; *Wallace Morgan,* Special Judge.

Proceeding for the construction of a highway in which Omar M. Ardery and another, as taxpayers, filed statements that the construction had not been completed.   On appeal from an order of the board of commissioners striking out such statements, the circuit court rendered judgment dismissing the appeal, from which judgment this appeal is prosecuted.   *Reversed.*

*Reuben Conner, Lon Conner* and *A. L. Chrisman,* for appellants.

*James V. Kent. George W. Pigman* and *Thomas M. Ryan,* for appellees.

MYERS, J.—On November 21, 1910, the engineer and superintendent in charge of the construction of a free gravel road in Union Township, Union County, filed their sworn

VOL. 181—15

statements with the auditor, showing the completion of the
road. Appellant Ardery and another, resident taxpayers
of the township, on December 5, 1910, filed their sworn
statement with the auditor setting out that the road had
not been completed according to the plans, plats, profiles
and contract, and stating in what particulars it had not been
completed. Dunn, the contractor for the road, filed his
motion to strike out the exceptions, which motion the board
of commissioners sustained. On appeal to the circuit court,
Dunn renewed his motion to strike out which motion was
sustained, and on his motion judgment was rendered dis-
missing the appeal.

The errors assigned are in sustaining the motion to strike
out appellants' exceptions to the reports of the engineer and
superintendent, and in dismissing the appeal. The question
raised is whether the statement, or exception, of appellants
was filed in time, it being insisted by appellees, .(1) that
it should have been filed within ten days before the first
day of the term; (2) that the statement was not filed with
the auditor or the board or any constituted authority, ten
days before the first day of the regular meeting of the board,
and the latter was without jurisdiction.

The statute under consideration (§7733 Burns 1908, Acts
1905 p. 521, §82), provides that when the superintendent
and engineer in charge of the construction of the
1. road believe that a whole or a part of the road has
been completed, they shall each file their sworn state-
ment to that effect, with the auditor of the county, and ''the
board of county commissioners shall not act on such proof
of the completion of such road or roads or part thereof, until
the said sworn statements have been filed with the auditor
at least ten days before the first day of any regular term of
said board, and if, within said ten days, any taxpayer in-
terested in such improvement shall file his sworn statement
with the auditor that such road or roads or part thereof has
not been completed,'' and provides for a hearing on the

issue of fact thus raised, and an appeal. Appellees rely chiefly on the case of *Board, etc.* v. *Zollman* (1910), 45 Ind. App. 184, 90 N. E. 649, but the case does not decide either that the statement of the taxpayer cannot be filed on the first day of the term, or that it must be filed within ten days after the statements of the engineer and superintendent are filed. Nor were these questions determined in that case, for the reason that the statement of the taxpayer was filed on the second day of the regular term, and not within ten days prior to the first day of which we take judicial notice, although such fact does not affirmatively appear in the opinion in that case. Appellee cites cases from other jurisdictions, but we have a number of decisions in this State which have been followed by the profession, and we see no reason for changing the rule. The rule for computation of time governs the question. §1350 Burns 1908 §1280 R. S. 1881.

The first construction placed on the word *before*, in statutes of this character, is under the statute of 1852 (2 R. S. 1852 p. 194), providing that summons shall be served "ten days * * * before the first day of the term," referring to the term of court, and it was held that summons served on September 21, and October 1, being the first day of the term, was good, evidently counting the first day of the term as the tenth day. *Martin* v. *Howell* (1857), 8 Ind. 501. The rule as thus laid down has been strictly adhered to, and it has been repeatedly held under similar statutes, that, where process is to be served, or an instrument filed a stated number of days before the first day of the term, the first day of the term is to be counted as the last day of the period stipulated. *Lee* v. *Shull* (1909), 172 Ind. 309, 88 N. E. 501; *White* v. *Prifogle* (1896), 146 Ind. 64, 44 N. E. 926; *Flynn* v. *Taylor* (1896), 145 Ind. 533, 535, 44 N. E. 546; *Conwell* v. *Overmeyer* (1896), 145 Ind. 698; *Baltimore, etc., R. Co.* v. *Flinn* (1891), 2 Ind. App. 55, 28 N. E. 201; *Womack* v. *Ahern* (1857), 9 Ind. 6; *Martin* v. *Reed* (1857), 9 Ind. 180;

*Blair* v. *Davis* (1857), 9 Ind. 236; *Blair* v. *Manson* (1857), 9 Ind. 357; *Dugdale* v. *Ryan* (1857), 8 Ind. 529. The statute of 1852, with the construction then placed upon it, was reënacted in 1881, and we are bound to accept such reenactment as an endorsement of that construction.

Upon the insistence that the statement of the taxpayer must be filed within ten days after the reports of the engineer and superintendent are filed, it is clear that "within said ten days" means the period during which the reports must be on file before action thereon by the board. We have a corollary proposition with regard to liquor remonstrances, in which it has been held that it means the period during which the remonstrance *must be on file*. *Behler* v. *Ackley* (1909), 173 Ind. 173, 177, 89 N. E. 877; *White* v. *Prifogle, supra; State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313; *Sexton* v. *Goodwine* (1904), 33 Ind. App. 329, 68 N. E. 929, 70 N. E. 999. We conclude therefore that the statement, or exception, was filed properly on the first day of the term.

The judgment is reversed, with instructions to the court below to overrule appellees' motion to dismiss the appeal, and the motion to strike out appellants' exception, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 104 N. E. 299. See, also, (1) 37 Cyc. 222. As to computation of time, see 7 Am. Dec. 250; 46 Am. Rep. 410: 78 Am. St. 372.