WARTELL *v.* PETERS HOTEL COMPANY.

[No. 9,881. Filed June 5, 1919.]

1. CHATTEL MORTGAGES.—*Recording.—Computation of Time.—Statute.*—While §1350 Burns 1914, §1280 R. S. 1881, providing that the time in which an act is to be done as provided in the Code shall be computed by excluding the first day and including the last, which shall be excluded if it falls on Sunday, applies only to proceedings in civil cases, yet the method of computation of time therein stated has been established by previous decisions of the appellate courts in this state, and such method is applicable in computing the time in which a chattel mortgage must be recorded.  p. 447.

2. ACKNOWLEDGMENT.—*Sufficiency.*—A certitficate of acknowledgment of a chattel mortgage is not sufficient to justify the record

of the instrument, where, in addition to its bad form and failure to state the names of the parties acknowledging, and whether they acknowledged before the officer, it fails to give the state and county in which it was acknowledged or in which the notary had his appointment. p. 450.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by the Peters Hotel Company against Benjamin Wartell. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Albert E. Thomas* and *Howard L. Townsend,* for appellant.

*Charles M. Niezer, Louis F. Crosby* and *James P. Murphy,* for appellee.

NICHOLS, P. J.—This was an action by the appellee against the appellant for trover and conversion commenced in the Allen Circuit Court and thereafter venued to the Adams Circuit Court. The appellee claims title to an automobile by virtue of a chattel mortgage bearing date of November 12, 1914, which was not recorded until November 23, 1914, November 22 being Sunday. The appellant claims title to said automobile by virtue of bill of sale without possession, bearing date of October 21, 1914. Both the chattel mortgage and bill of sale were executed by one Jacobs, who was the owner of said automobile. The complaint was in two paragraphs, the first of which was answered by a general denial. There was a demurrer to the second paragraph, which was overruled, to which ruling the appellant excepted and then filed his answer in general denial to the second paragraph and a special paragraph of answer to both paragraphs of complaint. To this special paragraph of

answer the appellee replied with a general denial. There were special findings of fact by the court, and a conclusion of law and judgment against the appellant for $163.40. Appellant excepted to the conclusion of law and judgment of the court, and after motion for a new trial, which was overruled, to which ruling the appellant excepted, he now prosecutes this appeal.

The errors relied upon for reversal are: (1) Overruling appellant's demurrer to second paragraph of complaint; (2) error in the conclusion of law upon the special finding of fact.

The questions for consideration in this opinion are: (1) Was the chattel mortgage executed by Jacobs to the appellee on November 12, 1914, and recorded on November 23, 1914, recorded in time? (2) Was the acknowledgment of said chattel mortgage a sufficient compliance with §3982 Burns 1914, §2947 R. S. 1881? These questions are presented both by the appellant's demurrer to the second paragraph of complaint and the court's ruling thereon, and by the court's conclusion of law on the special findings.

It appears by the special findings of fact, which contain the substantial averments of the second paragraph of complaint, that on November 12, 1914, one Jacobs was indebted to the appellee in the sum of $146.97, and to secure payment of said sum he executed to appellee a chattel mortgage by the terms of which he conveyed the automobile involved to the appellee. The chattel mortgage is in the usual form of such instruments, and is signed by said Jacobs and by said appellee. After these signatures appears the following:

"Sworn and subscribed to this 12th day of November 1914.

"(Seal)      Jno. H. Immel, Notary Public.

"My Commission expires November 13, 1917."

November 22, 1914, was the first day of the week, commonly called Sunday. On November 23, 1914, at eight o'clock a. m., the appellee filed his chattel mortgage with the recorder of Allen county for record, and the same was accepted and recorded in volume 34, page 208, of the chattel mortgage records of Allen county, Indiana. If said chattel mortgage was sufficiently acknowledged, and if it was recorded in time under the statute, the judgment of the lower court should be affirmed; but if said chattel mortgage was not sufficiently acknowledged, or if it was not recorded in time under the statute, then the judgment of the lower court should be reversed.

In miscellaneous provisions of the Code, §1350 Burns 1914, §1280 R. S. 1881, provides that: "The time in which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded." The case of *Towell* v. *Hollweg* (1881), 81 Ind. 154, was a case involving the question whether a chattel mortgage had been recorded in time. In that case the court, after quoting the above section, and in speaking of the statute requiring chattel mortgages to be recorded in ten days after their execution, concludes that, in the computation of ten days' time in which a chattel mortgage should be recorded, "as this rule has been established in all cases provided for in the Code, it should be made uniform in all cases, except where otherwise expressly provided for  *  *  *." This case is cited

and quoted with approval in the case of *Matthews, etc., Live Stock Ins. Co.* v. *Moore* (1915), 58 Ind. App. 240, 244, 108 N. E. 155, which case adopts the statutory method in computing time of notice of assessments by mutual insurance companies. In the case of *Benson* v. *Adams* (1879), 69 Ind. 353, 35 Am. Rep. 220, which involved the question of computing the time when a bill of exchange is due, the court, after quoting said section which was then §787 R. S. 1876, said: "This, we believe, is the uniform rule of computing time on a bill of exchange." In the case of *Vogel* v. *State, ex rel.* (1886), 107 Ind. 374, 378, 8 N. E. 164, 166, referring to said section, the court said: "The above section of the statute evidently has reference to matters properly falling within the code of civil procedure and not to matters in no way connected therewith, although some of the cases seem to give it a broader application. See *Towell* v. *Hollwey,* 81 Ind. 154." It is apparent that this statement is a correct construction of the section involved, which at that time was §849 of "An Act concerning proceedings in civil cases," Acts 1881 p. 240. In the case of *Williams* v. *State* (1854), 5 Ind. 235, an execution was dated March 3, 1843, and was returned March 4, 1844, the preceding day being Sunday. It was held that the year expired on March 3, 1844, but that being Sunday the execution was returnable by the statute on the following Monday. In the case of *State, ex rel.* v. *Thorn* (1867), 28 Ind. 306, §787, *supra,* was held to apply to the filing of a bill of exceptions. In *Catterlin* v. *City of Frankfort* (1882), 87 Ind. 45, said section was referred to, and was held to apply to the notice given by the common council of said city of its intention to petition the board of commissioners for the

annexation of certain territory adjacent to said city. This case quotes with approval *Towell* v. *Hollweg, supra.* In the case of *Backer* v. *Pyne* (1892), 130 Ind. 288, 30 N. E. 21, 30 Am. St. 231, certain real estate involved was sold on June 9, 1888, and the money was paid to the clerk and the right of redemption was asserted on June 10, 1889. It was held that June 9 fell on Sunday, and the redemption was well made on the Monday following, provided the redemption on Sunday would have been effective. The court said that where the last day for redemption is Sunday it may be made on the next day, citing said section as authority. This case said: ''Our decisions have applied the rule to all cases affecting matters of statutory procedure.'' The case of *Flynn* v. *Taylor* (1896), 145 Ind. 533, 41 N. E. 546, refers to said section, and applies it in the computation of time in which a remonstrance may be filed in the application for a liquor license. The case of *Lee* v. *Shull* (1909), 172 Ind. 309, 88 N. E. 521, makes the same application of said section as the case of *Flynn* v. *Taylor, supra.* The case of *Ardery* v. *Dunn* (1914), 181 Ind. 225, 104 N. E. 299, applies said section as the rule in computing the time within which the superintendent and engineer in charge of highway construction on completion of the same should each file his sworn statement with the auditor of the county. It seems to us that in harmony with the case of *Vogel* v. *State, ex rel., supra,* we must hold that said section can only be applied to proceedings in civil cases, as the title of this act clearly states.

But though some of the foregoing decisions are based on the statute, while others, though referring to it, seem to reach their conclusions independently

thereof, they are in harmony in approving as a method of computation of time the statutory methods exemplified by said section, and in harmony therewith, have decided, when the question was involved, that the time in which an act is to be done shall be computed by excluding the first day and including the last, but if the last day is Sunday it shall be excluded. This line of decisions has been maintained for so long a time as to establish the aforesaid method of computation as the rule of law of this state, regardless of the statute. We hold that, independently of the statute, under the law of this state, the chattel mortgage, had it been entitled to record, was recorded in time.

2. But the certificate of acknowledgment is not sufficient to justify the record of the instrument. In addition to its bad form and its failure to state the names of the parties acknowledging, and whether they acknowledged before the officer, for which we criticize it, it fails to give the state and county in which it was acknowledged, and the state and county in which the notary had his appointment. The case of *Cooper* v. *Smith* (1889), 75 Mich. 247, 252, 42 N. W. 815, is directly in point. See, also, *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 104 N. E. 82. The instrument with such a defective acknowledgment was not entitled to record, and hence is without force except as between the parties.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the second paragraph of the complaint, and for further proceedings in harmony with this opinion.