## AMERICAN STEEL FOUNDRIES *v.* MELINIK.

[No. 10,677.   Filed February 3, 1920.   Rehearing denied April 22, 1920.   Transfer denied January 11, 1921.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Award.—Appeal.—Time for Perfecting.*—Under §8020s2 Burns' Supp. 1918, Acts 1917 p. 154, providing that appeals from awards of the Industrial Board must be taken within thirty

days from date of rendition, where the last day of the thirty-day period falls .on Sunday an appeal perfected on the Monday following is within time.    p. 619.

2.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries Arising Out of Employment.—Assault Upon Servant by Foreman.*—Where an employe, while engaged in pushing a wheelbarrow, accidentally collided with his foreman, and, in an altercation which resulted, the foreman injured the employe by striking him, such injuries arose out of the employment within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918.)    p. 619.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Kolanik Melinik against the American Steel Foundries.    From an award for applicant, the defendant appeals.    *Affirmed.*

*Bomberger, Peters & Morthland* and *Elmer E. Stevenson,* for appellant.

*Willard B. Van Horne,* for appellee.

NICHOLS, C. J.—This proceeding was brought before the Industrial Board of Indiana by the appellee against the appellant asking compensation on account of personal injuries received by appellee. The cause was heard before the full board on August 26, 1919, which found that on December 22, 1918, appellee was in the employ of appellant at an average weekly wage in excess of $24; that on said date he received a personal injury by an accident arising out of and in the course of employment which resulted in a total disability to work for two and three-sevenths weeks; that the appellant had actual knowledge of appellee's injury at the time it occurred, and neglected and failed to provide appellee with an attending physician and necessary surgical services and supplies for the treatment of his injuries; that as a part of his injury he had two teeth knocked out, which could and should have been replaced

within thirty days after that date; that without replacing said teeth the appellee was permanently disfigured and suffered a permanent and partial impairment; that he procured the replacement of said teeth, incurring an expense for dental surgery of $50. There was an award on this finding in favor of appellee of one and three-sevenths weeks' compensation of $13.20 per week, in full of his claim for compensation, and the further sum of $50 for the necessary surgical services and supplies which could and should have been provided by appellant within the first thirty days after appellee's injury. From this award this appeal is prosecuted.

After the cause was pending in this court, appellee made his motion to dismiss for the reason that the record and assignment of errors were not filed in the office of the clerk of the Appellate Court until more than thirty days after the rendition of the award of the Industrial Board as provided by §3, Ch. 63, Acts 1917 p. 154, §8020s2 Burns' Supp. 1918. The final award was rendered on August 29, 1919, and the record was filed with the clerk of the Appellate Court on September 29, 1919. September 28th was on Sunday and, although September 29th was the thirty-first day, it was in time. This question has been repeatedly decided. *Wartell* v. *Peters Hotel Co.* (1919), 70 Ind. App. 444, 123 N. E. 480. The motion to dismiss is overruled.

Appellant contends that appellee's injuries did not arise out of the employment, and also that the injury was not accidental. The evidence shows that appellee was working for appellant under the direction of his superior and was wheeling wood from the yard into the dry furnace. In so doing, he was going through the coreroom, in which room one Ulstrom was a foreman. By accident, appellee while pushing

his wheelbarrow with wood ran it against Ulstrom, the foreman, who at the time cried out to him, "What you doing?" kicked over the wheelbarrow, at the same time calling him a name, to which it seems appellee made some rejoinder, and the foreman then struck him in the mouth, resulting in the injury involved in this action. There is nothing in this case that indicates that appellee was out of the course of his employment. It does not even appear that he let loose of his wheelbarrow when it was kicked over by the appellant's foreman. Appellant insists that the case of *Union Sanitary Mfg. Co.* v. *Davis* (1917), 64 Ind. App. 227, 115 N. E. 676, is decisive of this case, but we are not inclined so to hold. In that case it seems that the injury to the laborer grew out of the fact that he made a complaint to a fellow workman which he was not authorized to make and which was not a part of his employment. We think the case of *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464 is in point. In that case it was held (citing *Swift & Co.* v. *Industrial Commission* [1919], 287 Ill. 564, 122 N. E. 796) that where an injury occurs within the period of employment at a place where the injured person may reasonably be and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental thereto, such employe is injured in the course of his employment.

The award of the Industrial Board is affirmed, and under §3 of the amendment of 1917, *supra*, the amount thereof is increased five per cent.