**WAYNE METAL PRODUCTS COMPANY, INC., Appellant–Petitioner,**

v.

**INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Appellee–Respondent.**

No. 90A02–9901–CV–71.

Court of Appeals of Indiana.

Dec. 28, 1999.

Mark E. GiaQuinta, Robert W. Eherenman, Melanie L. Farr, Haller & Colvin, P.C., Fort Wayne, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Wayne Metal Products Company Inc. appeals the dismissal of its petition for review of a Notice and Order of the Commissioner of the Indiana Department of Environmental Management (IDEM). Wayne Metal raises four issues on appeal, which we consolidate[1] and restate as whether Wayne Metal timely filed its appeal from the IDEM order when the order provided that Wayne Metal could seek review of the order before the twentieth day after the order was received but when Wayne Metal did not request review until

---

1. Wayne Metal argues the IDEM order and the procedures IDEM followed in issuing the order deprived Wayne Metal of its due process rights. Because we decide this case on timeliness grounds we do not address Wayne Metal's due process arguments.

the twentieth day after it received the order.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Wayne Metal operates a metal finishing plant in Markle, Indiana. IDEM initially contacted Wayne Metal regarding the discharge of excessive levels of zinc into Markle's publicly operated treatment works in 1990. In November of 1993, IDEM sent a notice of violation to Wayne Metal notifying Wayne Metal of its excessive discharge of zinc during several months in 1992 and 1993. On April 17, 1995, an Order of the Commissioner was sent by IDEM to Wayne Metal stating Wayne Metal was to immediately cease and desist its violations and pay a civil penalty. The Order of the Commissioner included the following language: "this Order takes effect twenty (20) days after it is received by you. You may request a review of this Order *before* the twentieth (20th) day after receiving this notice." (R. at 30) (emphasis in original).

Wayne filed a petition to review the Order on May 9, 1995 and IDEM moved to dismiss the petition as untimely. The Environmental Law Judge (ELJ) hearing the administrative appeal ruled that Wayne Metal's petition was untimely and dismissed the case.

## DISCUSSION AND DECISION

### 1. *Standard of Review*

■ This case involves a question of statutory interpretation. The interpretation of a statute is a question of law reserved for the courts. *State v. Hart,* 669 N.E.2d 762, 763 (Ind.Ct.App.1996). Appellate courts review questions of law under a *de novo* standard and owe no deference to a trial court's legal conclusions. *Montgomery v. Estate of Montgomery,* 677 N.E.2d 571, 574 (Ind.Ct.App.1997). If a

statute is clear and unambiguous we may not interpret it. *Skrzypczak v. State Farm Mut. Auto. Ins.,* 668 N.E.2d 291, 295 (Ind.Ct.App.1996). In *Clifft v. Indiana Dep't of State Revenue,* our supreme court summarized the task of appellate courts regarding statutory interpretation:

> Our objective is to determine and effect legislative intent. We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

660 N.E.2d 310, 316 (Ind.1995) (citations omitted).

### 2. *The Ambiguity of the Statute*

The meaning of Ind.Code § 13–7–11–2(d) is the central issue of this case. The question we must address is whether this statute is ambiguous. The statute reads as follows:

> Except as otherwise provided in a notice issued under subsection (c) or in a law relating to emergency orders, an order of the commissioner under this chapter takes effect twenty (20) days after the alleged violator receives the notice, unless the alleged violator requests a review of the order before the twentieth day after receiving the notice by filing a written request with the commissioner on a form prescribed by the commissioner.[2]

■ Wayne Metal makes two arguments regarding the timeliness of the filing of its petition for review. The first relates to when the calculation of time to file the petition for review begins, and the second involves when the calculation of time to petition for review under Ind.Code

2. This portion of the statute was recodified in 1996 at § 13–30–3–5.

§ 13–7–11–2(d) ends. The first issue, when the calculation of time begins to run, is easily resolved. Ind.Code § 13–7–11–2(d) states that the time period begins "after the alleged violator *receives* the notice" and further the request for review must be filed "before the twentieth day after *receiving* the notice." (emphasis supplied). Wayne Metal received the Order on April 19, 1995. (Br. of Appellant at 24; Br. of Appellee at 7.) Because the day the Order was received, April 19, 1995, is not included in the calculation of time,[3] the time period begins to run on April 20, 1995.[4]

Wayne Metal next argues that the ELJ's interpretation of § 13–7–11–2(d) is at cross-purposes with § 4–21.5–3–7(a)(2),[5] and the two statutes must be harmonized in order "that [the] time periods be established and calculated on a uniform basis." (Br. of Appellant at 26.) The two statutes need not be "harmonized." Section 4–21.5–3–7(a)(3) states that its time period for review does not apply if "any longer period [is] set by statute." As Section 13–7–11–2(d) does set a longer period, we need not address § 4–21.5–3–7(a)(2).

■ Wayne Metal's next argument is that the twentieth day should be included in the calculation of the time period even though the applicable statute says "an order of the commissioner . . . takes effect twenty (20) days after the alleged violator receives the notice" and that the request for review must be filed "before the twen-

tieth day after receiving the notice." To support that conclusion Wayne Metal cites *Ardery v. Dunn*, 181 Ind. 225, 104 N.E. 299 (1914). Wayne Metal relies upon the following language:

> The rule as thus laid down has been strictly adhered to, and it has been repeatedly held under similar statutes that, where process is to be served, or an instrument filed, a stated number of days before the first day of the term, the first day of the term is to be counted as the last day of the period stipulated.

*Id.* at 227, 104 N.E. at 299. However, Wayne Metal fails to cite the following pertinent language from the statute at issue in *Ardery* :

> [T]he board of county commissioners shall not act on such proof of the completion of such roads or parts thereof, until the said sworn statements have been filed with the auditor at least ten days *before* the first day of any regular term of said board, and if, *within said ten days,* any taxpayer . . . shall file his sworn statement . . . that such road or roads . . . has not been completed.

*Id.* (emphasis supplied).

The import of the emphasized portions of the statute addressed in *Ardery* is that the use of "before" and "within said ten days" in the same sentence created ambiguity that permitted statutory interpretation in that case. The court resolved the matter by including the last day. No such

---

3. The Indiana Administrative Orders and Procedures Act (AOPA) provides that "the day of the act, event, or default from which the designated period of time begins to run is not included." Ind.Code § 4–21.5–3–2(a). Article 4–21.5 governs administrative agency proceedings in the absence of another statute providing otherwise. Ind.Code § 4–21.5–2–3. No provision of Article 13–7 is inconsistent with this section.

4. Wayne Metal's argument that it should receive three additional days under § 4–21.5–3–2 is without merit. Section 4–21.5–3–2(c) states that the time period commences when the *earlier* of the following occurs: (1) the person is personally served with notice; or (2)

a notice for the person is deposited in the United States mail (§ 4–21.5–3–2(e) notes that if notice is served through the United States mail, three days must be added to the period of commencement). Although the Order was sent by mail, Wayne Metal *received* it on April 19, 1995. Since the date of receipt is not in dispute, Wayne Metal cannot argue for an additional three days. As § 4–21.5–3–2(c) states, the period of time "commences when a person is served with a paper."

5. Ind.Code §§ 4–21.5–3–6 and 4–21.5–3–7 generally govern time limits for appeals of administrative orders unless other statutes impose different requirements.

tension exists within the statute before us. Section 13–7–11–2(d) states the request for review of the order must be filed "before the twentieth day after receiving the notice" and that the order "takes effect twenty (20) days after the alleged violator receives the notice." Thus, as the court in *Clifft* noted, we must also take into account what the statute does not say. 660 N.E.2d at 316. The statute does not say "*on* the twentieth day," or "*within* twenty days."

The statute addressed in *Ardery* is also distinguishable from § 13–7–11–2(d) in that the former involved the "stated number of days before the first day of [a] term," whereas the latter involves a request for review of an order "before the twentieth day after receiving the notice." A distinction is generally recognized between statutes that use "before" to note so many days before an *event* and those which use "before" to note so many days before a given *day*. The former include the last day; the latter do not. *See* 74 Am.Jur.2d *Time* § 24 (1974).

The *Ardery* case and the case at hand bring in to relief this distinction. The statute in *Ardery* required the "sworn statements" to be filed "at least ten days before the first day of any regular term." The "regular term" is an "event." The language of § 13–7–11–2(d), by contrast, does not relate to an event. Rather, it relates to filing a petition for review "before the twentieth day after receiving the notice." Because the statutory language in *Ardery* is different from that of § 13–7–11–2(d), and because there is a distinction made between days before an event and days before a given day, *Ardery* does not control.

We must decline Wayne Metal's invitation to find ambiguity where none exists. Ind.Code § 13–7–11–2(d) is straightforward. It requires the request for administrative review be filed "before the twentieth day after receiving the notice." As

IDEM has pointed out, the word "before" has a plain and usual meaning. *Black's Law Dictionary* 196 (4th rev. ed.1968) defines "before" as "prior to; preceding"; *Webster's Third New International Dictionary* 197 (1976) defines "before" as "in advance," "earlier than," "preceding."

As § 13–7–11–2(d) is facially clear and unambiguous, we will not interpret it. *Skrzypczak,* 668 N.E.2d at 295. Wayne Metal received the Order of the Commissioner on April 19, 1995. Wayne Metal had up to and including May 8, 1995, to petition for review. On May 9, 1995, the Order of the Commissioner went into effect. On that same day Wayne Metal filed its request for review of the Order by way of a private carrier. (R. at 288.) Because timely filing is a jurisdictional matter [6], the ELJ and the trial court both correctly determined that Wayne Metal waived its right to review by filing its request on May 9, 1995, the twentieth day after receiving the Order.

Affirmed.

SHARPNACK, C.J., and BAKER, J., concur.

---

**6.** Timeliness in petitioning for review is a jurisdictional issue. *See* Ind.Code § 4–21.5–5–4.