The **SOUTH BEND TRIBUNE**, Appellant–Plaintiff,

v.

**SOUTH BEND COMMUNITY SCHOOL CORPORATION**, Appellee–Defendant.

No. 71A03–0005–CV–163.

Court of Appeals of Indiana.

Dec. 21, 2000.

John P. Twohy, Eichhorn & Eichhorn, Hammond, Indiana, Attorney for Appellant.

Paul J. Peralta, D. Lucetta Pope, Baker & Daniels, South Bend, Indiana, Attorneys for Appellee.

David J. Emmert, Indianapolis, Indiana, Attorney for Amicus Curiae.

### OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

The South Bend Tribune (the "Tribune") appeals the trial court's dismissal of its

complaint alleging that the South Bend Community School Corporation (the "SBCSC") violated the Access to Public Records Act (the "Act"). The Tribune presents one issue for our review, which we restate as whether the Act required the SBCSC to disclose information about candidates for the position of Superintendent of Schools.

We affirm.

## FACTS AND PROCEDURAL HISTORY

When the SBCSC began searching for a new Superintendent of Schools in early 2000, the Tribune requested from the SBCSC information about the candidates. Specifically, the Tribune sought the candidates' names, business addresses and telephone numbers, education and training backgrounds, and previous work experience. The SBCSC informed the Tribune that it would not provide any of the requested information.

The Tribune filed a complaint against the SBCSC alleging that it had violated Indiana Code Section 5–14–3–1 et seq. and seeking a preliminary injunction prohibiting the SBCSC from further violating the Act. Following a hearing, the trial court entered thorough findings and concluded that the Tribune was not entitled to a preliminary injunction because it could not show any likelihood of success at trial and, further, that the SBCSC was entitled to a final judgment of dismissal on the merits. Accordingly, the court dismissed its complaint. The Tribune now appeals. .

## DISCUSSION AND DECISION

This case involves a question of statutory interpretation, which is a question of law reserved for the courts. *Wayne Metal Prods. Co. v. Indiana Dep't of Envtl. Mgmt.,* 721 N.E.2d 316, 317 (Ind. Ct.App.1999), *trans. denied.* Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* "[W]hen a statute is clear and unambiguous on its face, this court need not, and indeed may not, interpret the statute. Instead we must hold the statute to its clear and plain meaning." *Miller v. Walker,* 642 N.E.2d 1000, 1001–02 (Ind.Ct.App.1994) (citations omitted), *aff'd,* 655 N.E.2d 47 (Ind.1995).

The Act, Indiana Code Section 5–14–3–1 *et seq.,* governs access to public agencies' records. Under the Act, agencies are required to disclose information, subject to certain exceptions. One exception is set out in Indiana Code Section 5–14–3–4(b)(8), which provides in relevant part that a public agency is *not* required to disclose

> [p]ersonnel files of public employees *and files of applicants for public employment,* except for: (A) the name, compensation, job title, business address, business telephone number, job description, education and training background, previous work experience, or dates of first and last employment *of present or former officers or employees of the agency*[.]

(Emphases added). The Tribune contends that the plain meaning of that provision requires the SBCSC to disclose all of the designated information with regard to applicants for public employment. In the alternative, the Tribune argues that the statute is ambiguous and subject to an interpretation consistent with such disclosure. In support of that argument, the Tribune emphasizes that the policy of the Public Records Act requires liberal construction of the Act in favor of disclosure. *See* IND.CODE § 5–14–3–1. We disagree with the Tribune's reading of the provision, and we decline its invitation to find ambiguity where none exists. *See Wayne Metal,* 721 N.E.2d at 319.

The plain meaning of Indiana Code Section 5–14–3–4(b)(8)(A) requires a public agency to disclose designated information *only* with regard to present or former officers or employees of the agency. Applicants for public employment are specifically excepted from the disclosure re-

quirements.[1] As the trial court found, the ordinary language of that section supports no other meaning.

Clearly, candidates for the position of Superintendent of Schools are applicants for public employment within the meaning of the statute and, thus, fall squarely within the exception. Moreover, as the Indiana School Boards Association, amicus curiae, has noted, "[t]here is a legitimate public policy interest for school corporations to attract the largest possible number of qualified applicants for superintendent positions, and a loss of confidentiality in the process would significantly handicap the search for the chief executive who would best fit a particular school's needs." Brief of Amicus Curiae at 1. The SBCSC did not violate the Act when it refused to provide the requested information regarding the candidates for Superintendent. The Tribune's claim fails as a matter of law.

Affirmed.

BROOK and ROBB, JJ., concur.

---

1. If there were any doubt as to the statute's meaning it would be resolved by a consideration of the 1985 amendment to the statute. That amendment specifically removed "application for employment or appointment" from the list of information required to be disclosed under the Act and added "files of applicants for public employment" to the information to be excepted from disclosure requirements. Pub.L. No. 54–1985.