**Romel D. ARMSTEAD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A04–0308–CR–405.

Court of Appeals of Indiana.

April 27, 2004.

Mark A. Bates, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

KIRSCH, Chief Judge.

Romel D. Armstead appeals his conviction for carjacking,[1] a Class B felony, contending that the evidence is insufficient to support his conviction because a moped or motor scooter is not a motor vehicle as required by the statute defining the crime.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 25, 2002, Scott Pawlick was driving his moped/motor scooter. While he was stopped at a traffic light, Armstead approached him, hit him several times with a club, and took the motor scooter. A

---

1. *See* IC 35–42–5–2.

witness gave chase and followed Armstead to a nearby service station, where he subdued Armstead and held him there until police arrived.

Armstead was arrested and charged with carjacking, and after a jury trial, was convicted on that charge. He now appeals.

## DISCUSSION AND DECISION

Armstead contends that the evidence is insufficient to support his conviction for carjacking. When reviewing a claim of insufficient evidence, we neither reweigh evidence nor judge the credibility of witnesses. *Anglin v. State*, 787 N.E.2d 1012, 1015 (Ind.Ct.App.2003). We consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. *Id.* Armstead's argument concerns a matter of statutory interpretation. The interpretation of a statute is a question of law reserved for the courts. *Wayne Metal Products Co., Inc. v. Indiana Dept. of Environmental Management*, 721 N.E.2d 316, 317 (Ind.Ct.App.1999), *trans. denied* (2000). Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.*

To obtain a conviction for carjacking, the State had to prove that Armstead knowingly or intentionally took a motor vehicle from another person or from the presence of another person by using or threatening the use of force on any person or by putting someone in fear. IC 35–42–5–2. Armstead argues that Pawlick's motor scooter is not a "motor vehicle" so that he cannot be guilty of carjacking for taking it.

IC 35–41–1–18.5, by way of IC 9–13–2–105(a), defines "motor vehicle" as a vehicle that is self-propelled, except for a farm tractor, an implement of husbandry, or an electric personal assistive mobility device. Here, the evidence at trial showed that Pawlick was operating his motor scooter, driving down a road in Gary, Indiana, when Armstead approached him. Pawlick testified that the motor scooter is motorized, operates on gasoline like a car, and runs at speeds up to forty-five miles per hour. He explained that it does not have pedals and cannot be operated like a standard bicycle. Because Pawlick's vehicle is self-propelled, we find that it is a motor vehicle within the statutory definition and can be the subject of a carjacking.

Nonetheless, Armstead cites *State v. Drubert*, 686 N.E.2d 918, 919 (Ind.Ct.App. 1997) in which a panel of this court determined that a moped was not a motor vehicle for purposes of the habitual traffic violator laws. The court relied on the fact that an operator's license is not required to operate one. However, the term "motor vehicle" is defined differently for purposes of the traffic and criminal penal statutes. For purposes of the traffic laws, the definition of a "motor vehicle" excludes motorized bicycles, two- or three-wheeled vehicle that are propelled by an internal combustion engine or an electric motor, and which operate at not more than twenty-five miles per hour on a flat surface. By contrast, the definition of "motor vehicle" applicable to the criminal code does not exclude motorized bicycles. Accordingly, *Drubert* does not control. The evidence was sufficient to support Armstead's conviction. *See also Chapman v. State*, 650 N.E.2d 764, 765–66 (Ind.Ct.App.1995) (moped, subspecies of category of motorcycles, can be subject of auto theft).

Affirmed.

NAJAM, J., and RILEY, J., concur.