FILED

Aug 25 2017, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jacob R. Cox
Cox Law Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Mark E. Small
Indianapolis, Indiana

Roberta L. Ross
Ross & Brunner
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Karin Schwab,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Kyle Morrissey, et al.,<br>*Appellees-Defendants.* | August 25, 2017<br><br>Court of Appeals Case No.<br>49A02-1612-PL-2746<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable John M.T. Chavis,<br>II, Judge<br><br>Trial Court Cause No.<br>49D05-1111-PL-44470 |

**Bailey, Judge.**

# Case Summary

Karin Schwab ("Schwab") appeals the trial court's grant of summary judgment to Kyle Morrissey and Jamie Morrissey (collectively, "the Morrisseys") on Schwab's appeal of a small claims court judgment.

We reverse.

# Issues

Schwab raises two issues on appeal but we address only the dispositive issue of whether the trial court erred in granting the Morrisseys summary judgment because Schwab failed to perfect her appeal of a small claims court judgment.

# Facts and Procedural History

On May 4, 2011, Schwab filed a complaint against the Morrisseys in the Washington Township division of the Marion County small claims court. Schwab's complaint alleged that the Morrisseys made willful and deliberate misrepresentations regarding the central air conditioning in the property they sold to her. Following the Morrisseys' motion for a change of judge, Schwab's case was moved to the Franklin Township division of the small claims court. The small claims court held a bench trial on September 22 and on that same day entered a final judgment in favor of the Morrisseys. On November 18, Schwab filed in Marion County superior court a complaint in which she repled her claims from the small claims court case; specifically, Schwab alleged that

the Morrisseys knowingly made misrepresentations to her regarding the air conditioning in the property they sold to her. On March 5, 2012, the Morrisseys filed an answer and motion to dismiss for failure to state a claim. Per agreement of the parties and permission of the trial court, on July 3 the Morrisseys filed an amended answer in which they raised, among other defenses, the affirmative defenses of failure to state a claim and res judicata.

[5] On April 4, 2016, Schwab filed a motion for summary judgment and, on June 1, the Morriseys filed their own motion for summary judgment. Schwab moved to strike the Morrisseys' summary judgment motion as untimely and, on August 30, the trial court granted the motion to strike. Following an August 30 hearing on Schwab's motion for summary judgment, the trial court took the matter under advisement.

[6] On September 2, the Morrisseys filed a motion to dismiss in which they alleged that Schwab had failed to follow the Marion County rules for filing an appeal of a small claims court judgment. Specifically, they contended that the Marion County rules required Schwab to file in the superior court a "petition to appeal" the small claims court judgment rather than simply repleading the claims she had raised in the small claims court. Appellant's App. at 94. The Morrisseys also asserted that the court should dismiss Schwab's complaint because the small claims court had failed to certify and transmit to the superior court the record of the small claims court proceedings. In support of its motion to

dismiss, the Morrisseys referred the superior court to an "Affidavit."[1] *Id*. at 94-95. On October 4, Schwab filed her response to the motion to dismiss in which she argued that she had followed the correct appeal procedures and, in the alternative, that her action was an action independent of the small claims court action and could not be dismissed as res judicata because the Morrisseys had failed to raise res judicata as an affirmative defense in their answer.

[7] On October 7, 2016, the trial court granted the Morrissey's September 12 motion to dismiss with prejudice. In a November 9 order denying Schwab's subsequent motion to correct error, the trial court stated in relevant part as follows:

> The Plaintiff misconstrues her obligations under LR49-TR79.1 - Rule 226. Because the procedures precedent to filing a cause of action which comes to the Marion Superior Court from the Small Claims Court of Marion County were not fulfilled, the underlying action was dismissed. To rule otherwise would eviscerate the Marion County Local Rules on Small Claims Court cases and render Small Claims courts ineffective. Therefore, the Plaintiff's Motion to Correct Error is denied.

Appellee's App. at 19.

[8] On November 9, the trial court denied Schwab's pending motion for summary judgment as moot. Schwab now appeals the order dismissing her case.

---

[1] Although the appellate record contains the Morrisseys' Motion to Dismiss, it does not contain the affidavit to which that motion refers.

# Discussion and Decision

[9] Schwab contends that the trial court erred in dismissing her case for failure to follow proper appeal procedures. Because the Morrisseys filed their motion to dismiss after filing their answer, the motion to dismiss is treated as a motion for judgment on the pleadings.[2] Ind. Trial Rule 12(C); *Bell v. Bryant Co., Inc.*, 2 N.E.3d 716, 719 (Ind. Ct. App. 2013). Moreover, because the Morrisseys' motion presented "matters outside" the pleadings—i.e., the Affidavit—Indiana Trial Rule 12(C) requires that their motion be treated as a motion for summary judgment. *See, e.g.*, *Holmes v. Celadon Trucking Serv. of Ind., Inc.*, 936 N.E.2d 1254, 1255-56 (Ind. Ct. App. 2010) (quotations and citation omitted) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Trial Rule 56.")[3]

[10] Our standard of review for summary judgment is well settled. When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court. *Id*. at 1256.

---

[2] Thus, Schwab is incorrect when she asserts that the Morrisseys' motion was untimely. Appellant's Br. at 10 n.1. *See* Ind. Trial Rule 12(H)(2) ("A defense of failure to state a claim upon which relief can be granted … may be made … by motion for judgment on the pleadings."), and T.R. 12(C) ("After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings.").

[3] We note that, where a motion for judgment on the pleadings is treated as a motion for summary judgment, all parties must be given a "reasonable opportunity to present all material made pertinent" to the motion for summary judgment. T.R. 12(C). Schwab does not claim she was deprived of such an opportunity and, in fact, she filed a response to the Morrisseys' motion.

The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party.

*Daviess-Martin Cty. Joint Parks and Recreation Dep't v. Estate of Abel by Abel*, 77 N.E.3d 1280, 1285 (Ind. Ct. App. 2017) (citations omitted).

[11] Here, the trial court granted the Morrisseys' motion because it found that Schwab had failed to follow the correct appeal procedures. There are no material factual disputes regarding the steps Schwab took to appeal the small claims court judgment. Rather, the only question is one of law, namely, whether the applicable local rule required Schwab to take some step(s) to perfect her appeal which she did not take. We review that question de novo.[4] *Id*.

---

[4] The Morrisseys' motion contended that the small claims court had explained Schwab's appeal rights "in detail," and, in support of that contention, they noted, "(See Affidavit)." Appellant's App. at 94-95. Neither party has included that affidavit in their appendices. However, that document is not necessary to our review as the meaning of the local rule is a question of law to be decided by the courts, not a question of fact to be litigated through affidavits or other testimony. *See, e.g.*, *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 698 (Ind. Ct. App. 2013), *trans. denied*.; *see also South Bend Tribune v. South Bend Cmty. Sch. Corp.*, 740 N.E.2d 937, 938 (Ind. Ct. App. 2000) ("[A] question of statutory interpretation … is a question of law reserved for the courts.").

[12] Appeals from judgments of the Marion County small claims court must be taken to the Marion County superior court and must be tried de novo. Ind. Code § 33-34-3-15 (2011). Marion County local rules govern the procedures for such appeals. *Id*. The applicable Marion County local rule provides in full:

> A. Issues. *A cause of action which comes to the Marion Superior Court from the Small Claims Courts of Marion County for* either jury trial or *appeal shall be replead* [sic] *in its entirety commencing with the plaintiff below filing a new Complaint* in compliance with the Indiana Rules of Trial Procedure. *The new Complaint shall be filed within 20 days of the date the case is docketed and filed in the Marion Superior Court* or as otherwise ordered by the Court. Failure to comply with this Rule shall result in the Court imposing sanctions which may include dismissal or default where appropriate.

> B. Procedure and Evidence. Any pleadings, motions or other procedural matters which are filed after the filing of the Complaint in the Marion Circuit and Superior Court will be governed by the Indiana Rules of Trial Procedure and the Marion Circuit and Superior Court Rules. Evidentiary questions will be ruled on in the same manner as any other cases originally filed in the Marion Circuit and Superior Court.

> C. Appeals from Marion County Small Claims Courts. The following rules shall govern all appeals from the Marion County Small Claims Courts to the Marion Superior Court.

> > (1) *Any party may appeal from the judgment of the Marion County Small Claims Court to the Marion Superior Court, within 60 days from its entry*; and when there are two or more plaintiffs or defendants, one or more of such plaintiffs or defendants may appeal without joining the

others in such appeal or plaintiff may add new parties at the time he repleads his Complaint in accordance with the Indiana Rules of Trial Procedure.

(2)     The Small Claims Court Judge shall certify a completed transcript of all the proceedings had before said Judge and transmit the same, together with all other papers in the cause, to the Marion County Clerk, within 20 days.

(3)     Appeals may be authorized by the Marion Superior Court after the expiration of Sixty (60) days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control.

LR49-TR79.1-226 (emphases added).

[13]     The trial court's order dismissing Schwab's appeal, and its order on her motion to correct error, found that Schwab failed to follow "the procedures precedent to filing a cause of action which comes to the Marion Superior Court from the Small Claims Court of Marion County." Appellee's App. at 19. However, neither order states what local appellate procedure(s) Schwab failed to follow or how a cause of action "comes to" the Marion superior court from the small claims court in the first place.

[14]     Moreover, it is not clear from the face of the local rule itself that an appeal of the small claims court judgment is initiated in the superior court in any way other than through the filing of a complaint. Although the Morrisseys contended in their motion to dismiss that this rule requires an appealing party

to file a "petition to appeal," Appellant's App. at 94, they make no mention of that contention on appeal and therefore waived it. *See, e.g.*, *Gaddis v. McCullough*, 827 N.E.2d 66, 72 (Ind. Ct. App. 2005), *trans. denied*.

[15] Waiver notwithstanding, the local rule says nothing about a petition to appeal.

> The primary rule of statutory construction is to ascertain and give effect to the intent of the drafters, and the plain language of the statute (or ordinance) is the best evidence of the drafters' intent. All words must be given their plain and ordinary meaning unless otherwise indicated.

*FLM, LLC v. Metro. Dev. Comm'n of Marion Cty.*, 76 N.E.3d 953, 957 (Ind. Ct. App. 2017) (citations omitted). The only action the plain language of the rule specifically requires of the appealing party is that he or she file in the superior court a new complaint repleading "in its entirety" the claims that were raised in the small claims court action. LR49-TR79.1-226(A). Such a complaint is to be "filed within 20 days of the date the case is docketed and filed in the Marion Superior Court," but the rule does not specify how the case is docketed and filed to begin with. *Id*. The appeal must also be filed within sixty days from the date of entry of the small claims court judgment. LR49-TR79.1-226(C)(1). However, again, the rule does not state how the appeal is initiated.[5] *Id*.

---

[5] Although LR49-TR79.1-226 does not clearly state how an appeal is initiated in Marion County, we note that the meaning of this local rule will be irrelevant to small claims court judgments entered after June 30, 2018, at which time all appeals from judgments of small claims courts, including those in Marion County, shall be taken to the court of appeals in the same manner as a judgment from a circuit or superior court. I.C.

[16] Nor do the parties direct us to any caselaw that would provide insight into how an appeal of a Marion County small claims court judgment is initiated. However, our own research indicates that, in at least one case, such an appeal was initiated by filing a complaint in the Marion County superior court. *Watson v. Auto Advisors, Inc.,* 822 N.E.2d 1017, 1023-24 (Ind. Ct. App. 2005) (noting an appeal of a Marion County small claims court judgment was initiated by filing a complaint in superior court, but the appeal was "forfeited" because it was not filed within sixty days of the date of the small claims court judgment), *trans. denied*.

[17] Schwab repled her small claims court case in the Marion County superior court within sixty days of the date of the small claims court judgment.[6] And the superior court case was docketed on the same day Schwab filed her appeal. The plain language of LR49-TR79.1-226 required no more of Schwab[7] in order

§ 33-34-3-15.1. Until that time, however, we must interpret the local rule as written. *E.g.*, *FLM*, 76 N.E.3d at 957.

[6] On appeal, the Morriseys contend that Schwab's superior court complaint did not replead her small claims court complaint "in its entirety" as required by the local rule. However, the Morriseys failed to raise that claim before the trial court. In fact, they claimed the opposite: that Schwab had filed in the superior court "a mirror of her small claims case for the same issues." Appellant's App. at 94. Because the Morriseys failed to raise in the trial court their assertion that Schwab failed to replead in the entirety, they waive that argument on appeal. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). Waiver notwithstanding, the record shows that Schwab's superior court complaint sought compensation for the same alleged deliberate misrepresentations regarding the same air conditioning in the same property that were at issue in the small claims court case.

[7] The Morriseys also contend that Schwab failed to follow correct appeal procedures because she did not ensure that the small claims court certified and transferred its record to the superior court. However, the plain language of the local rule does not require the appellant to take any action regarding the small claims court record; rather, it clearly puts that burden on the small claims court. LR49-TR79.1-226(C)(2). And Schwab's appeal to the superior court was governed by local rules, *see* I.C. § 33-34-3-15, not the Indiana Rules of Appellate Procedure, as the Morriseys seem to assert in their brief. Appellees' Br. at 13-14.

for her to perfect her appeal. Thus, the Morrisseys failed to make a prima facie showing that they are entitled to judgment as a matter of law, and the trial court erred in granting them summary judgment.

[18]     Reversed.


Baker, J., and Altice, J., concur.